A91A1912. MAGLIARO et al. v. LEWIS et al.
A92A0525. MAGLIARO et al. v. PEDRICK.
(417 SE2d 395)

ANDREWS, Judge.

Shortly after purchasing and occupying their house, Charles and Lori Magliaro allege they discovered that the roof leaked and was in such poor condition it had to be replaced. They brought the present action to recover the replacement cost of the roof, certain related expenses, plus punitive damages, attorney fees and expenses of litigation. In a ten-count complaint, appellants sued Glenn A. Lewis & Associates, Inc. (Lewis & Assoc.), the seller's realtor; Glenn A. Lewis, the president of Lewis & Assoc.; M'ada Pedrick, a real estate agent who worked out of the Lewis & Assoc. office, and who showed the house to appellants; Charles Wells, d/b/a Wells Roofing Company (Wells), who issued an inspection report on the roof, and William D. Flanders, the seller of the house. In Case No. A91A1912, appellants appeal from: (1) the trial court's order granting partial summary judgment to defendants Lewis and Lewis & Assoc. on counts 4, 5, 6, 7, and 8 of the complaint; and, (2) the trial court's order denying their motion to extend the discovery period. In Case No. A92A0525, appellants appeal from the trial court's order granting partial summary judgment to Pedrick on counts 4, 5, 6, 7, and 8 of the complaint. Except for the discovery matter, the issues and errors claimed are the same in both cases and will be addressed together.

1. Appellants claim the trial court erred by granting summary judgment to Lewis, Lewis & Assoc. and Pedrick on count 4 of the complaint. In this count, appellants allege that Pedrick fraudulently concealed from them that she and Lewis & Assoc. represented the seller of the house, and that Pedrick withheld information she had about a roof inspection she agreed to arrange for the appellants prior to the closing. Viewed in favor of the non-moving parties, the record reflects that Pedrick showed appellants the house and prepared the sales contract executed by the parties for the sale of the house. Appellants claim that Pedrick, by her actions, induced them to believe that she represented them in the purchase, although appellants concede Pedrick never explicitly claimed to be their agent, and their understanding was that the seller would pay her commission. Nevertheless, the sales contract prepared by Pedrick clearly disclosed that Pedrick and Lewis & Assoc. acted as agents for the seller and not for appellants in the transaction. The sales contract also contained a disclaimer clause whereby appellants as the buyers acknowledged that

they have not relied upon the advice or representations of the realtor or its agents relative to the structural condition of the property, and recognizing that they should seek independent advice about any such concerns.

After first seeing the house, appellants had serious concerns about the condition of the roof which appeared to them to be in a deteriorated condition. Under the sales contract, the appellants were responsible for having the property inspected at their expense to determine the existence of any defective condition. Based on their concerns, appellants decided after signing the sales contract that they should obtain a separate inspection of the roof and informed Pedrick of that intention. Since appellants lived out of town, Pedrick offered to arrange for a qualified roofer to inspect the roof and give a written report on its condition. Appellants informed Pedrick that they wanted a complete roof inspection determining the cost, if any, for any needed repair or replacement of the roof. The sales contract called for the sale to be closed in about six months, when the appellants planned to move. Thereafter, appellants contacted Pedrick on numerous occasions over the ensuing months expressing concern that a roof report had not been obtained. Pedrick finally arranged for an inspection by a local roofer, who reported to Pedrick that the roof looked like it had "a lot" of damage and needed "a lot" of work, and that because of his previous experience with the type of roof at issue (wood shingles) he was not willing to write up a report on its condition. Appellants admit they received a phone call from Pedrick about this roof inspection from which they concluded that there was a problem with the condition of the roof, and that Pedrick had been unable to obtain a written report on the inspection. The deposition of Charles Magliaro shows that he received "a verbal indication through the realtor that he indicated the damage was significant and that the roof needed to be replaced."[1] Appellants instructed Pedrick to get a written report on the roof with a dollar value as to any repair or replacement cost so that this information would be available prior to the closing. A couple of days later, and only a day or two prior to the' closing, Pedrick called appellants and informed them that she had contacted another roofer, Wells, who had inspected the roof and issued a written report that the roof was in good condition and did not need to be replaced. In light of the initial bad report and their own

---

[1] Although the record reflects that appellants had various recollections of the report given to them by Pedrick on the first inspection (and that Pedrick had no recollection of it) the trial court was authorized to construe the vague or equivocal testimony given by appellants on this point against them. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986); *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474, 475 (359 SE2d 231) (1987).

concerns based on the appearance of the roof, appellants expressed surprise at the good report by the second roofer. The written report from Wells was produced by Pedrick at the closing, and appellants relied on it to close on the house without any deduction from the sales price or other consideration given for the condition of the roof.[2]

We agree with the trial judge that, based on the record before us, there is no evidence of concealment of material facts proximately causing the damages sought by appellants. Pretermitting appellants' claims of dual agency, there is no evidence to support the allegation that Pedrick concealed facts from appellants about the condition of the roof, or otherwise caused the alleged damages by failing to communicate information. *Rhodes v. Perimeter Properties*, 187 Ga. App. 55 (369 SE2d 332) (1988). Moreover, the alleged fraudulent concealment of information about the roof occurred after the appellants read the sales contract and expressed surprise at the disclosure that Pedrick and Lewis & Assoc. were agents for the seller, so there is no claim that they relied upon any alleged confidential relationship by not reading the provisions of the sales contract. *Van Den Berg v. Northside Realty Assoc.*, 172 Ga. App. 591-592 (323 SE2d 839) (1984). The trial court did not err in granting partial summary judgment as to count 4.

2. There was no error in the trial court's grant of partial summary judgment as to count 5 of the complaint. In this count, appellants allege that Pedrick and Lewis & Assoc. deviated from various regulations governing real estate brokers and that appellants have a separate cause of action for the claimed damages based on such deviations. Although some violations of these regulations may serve as the basis for a cause of action under other principles of law, breach of the regulatory provisions alone will not support a separate cause of action. *Campagna v. Sara Hudson Realty Co.*, 137 Ga. App. 451 (224 SE2d 102) (1976); *Johnson Realty v. Hand*, 189 Ga. App. 706, 708-710 (377 SE2d 176) (1988).

3. In count 6 of their complaint, appellants pursue a cause of action for the claimed damages against Pedrick and Lewis & Assoc. for alleged violation of provisions of the Uniform Deceptive Trade Practices Act (OCGA § 10-1-370 et seq.). Although the Uniform Deceptive Trade Practices Act does not preclude a right of recovery under the common law or other statutes, neither does it provide a vehicle, in and of itself, for the recovery of the money damages sought by appellants. Recovery under this Act is limited under OCGA § 10-1-373 to

---

[2] Based on these facts, the trial court concluded that questions of fact remained for jury determination under count 3 of appellants' complaint as to whether Pedrick negligently failed to exercise a reasonable degree of care in obtaining the roof inspection she agreed to arrange for the appellants.

injunctive relief. *Lauria v. Ford Motor Co.*, 169 Ga. App. 203, 206 (312 SE2d 190) (1983). Accordingly, the trial court did not err by granting partial summary judgment as to count 6.

4. In counts 7 and 8 of the complaint, appellants assert causes of action to collect the claimed damages on the basis that Pedrick and Lewis & Assoc. violated the Fair Business Practices Act (FBPA) (OCGA § 10-1-390 et seq.) and the Federal Trade Commission Act (15 USC § 45), the federal counterpart to the Georgia Act. There is no support in the record for a cause of action under either of these Acts, and the trial court properly granted partial summary judgment as to counts 7 and 8. The gravamen of the appellants' claim is that actions by Pedrick and Lewis & Assoc. prevented them from discovering the damaged condition of the roof prior to closing. Aside from the lack of evidence to support any cause of action based on misrepresentation or failure to disclose information, as discussed in Division 1, we find no sufficient demonstration of a public policy interest necessary to invoke the provisions of the FBPA. Even assuming the truth of the allegations, we would deal here with misrepresentations made to appellants alone relating to the condition of a roof in a single residential real estate transaction, which is not the type of consumer transaction covered by the FBPA. *Zeeman v. Black*, 156 Ga. App. 82, 86, (273 SE2d 910) (1980).

5. Appellants claim the trial court erred by denying their motion to extend the period of discovery under Uniform Superior Court Rule 5. We have jurisdiction of this claim pursuant to OCGA § 5-6-34 (d). Under Rule 5, the trial court is granted wide discretion in a civil case to extend, reopen, or shorten the time for discovery. *Stewart v. Stewart*, 260 Ga. 812, 813 (400 SE2d 622) (1991). Here appellants sought an indefinite extension of the discovery period for the purpose of additional discovery to determine whether Pedrick and Lewis & Assoc. may have engaged in a pattern of improper actions with respect to other purchasers of houses. To do this, appellants proposed to identify and question every person who has purchased a home in a transaction involving Pedrick or Lewis & Assoc. from February 1985 to the present. Appellants claimed in their motion that this information is relevant to the issue of whether the appellees engaged in any such improper practices with appellants prior to the drafting of the sales contract. The trial court found that the discovery sought was not reasonably calculated to lead to admissible evidence relevant to the issues in the case, and denied the motion. Based on the present record and the damages sought to be recovered under the complaint, we find no abuse of the trial court's discretion.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 —

*Robert G. Wainwright*, for appellants.

*Dickey, Whelchel, Brown & Readdick, Richard A. Brown, Jr., Pipkin & Williams, James G. Williams, Quinton S. King, Eugene Highsmith, John R. Ferrelle*, for appellees.

*Edward C. Stone*, amicus curiae.