A92A1333. EDWARDS v. VANSTROM et al.
(424 SE2d 326)

BIRDSONG, Presiding Judge.

Betty Edwards appeals the dismissal of her action for failure to comply with OCGA § 9-11-9.1. The record shows that on May 30, 1991, Edwards filed a complaint against two dentists, Dr. Peter V. Vanstrom and Dr. Suhayl Rafeedie, alleging professional negligence in June 1989, which she contends caused the wrongful death of her husband, Warren T. Edwards. Although she did not attach to her complaint the affidavit required by OCGA § 9-11-9.1, within the time allowed by OCGA § 9-11-9.1 (b), she amended her complaint on July 9, 1991, to attach an affidavit from a dental expert. The affidavit stated

that the expert was qualified to testify in the field of dentistry and had attached. a statement of the expert's qualifications. The expert stated that the affidavit was based upon his personal knowledge and identified the documents concerning Warren T. Edwards that he had reviewed. The final paragraph of the affidavit stated the following:

"Upon reviewing the aforementioned medical and dental records it is the expert opinion of the affiant that the defendants breached the requisite degree of care and skill required of the dental profession generally by . . . lack of adherence to procedures expected of a dentist licensed to practice his profession."

Thereafter, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted because the affidavit did not set forth at least one negligent act or omission claimed to exist or state the factual basis for this allegation as required by OCGA § 9-11-9.1 (a). Although Edwards subsequently filed an amended affidavit which stated specific acts or omissions, the trial court granted the defendants' motion to dismiss. Edwards now appeals contending that her expert's affidavit satisfied the requirements of OCGA § 9-11-9.1 and that her complaint also alleged acts of ordinary negligence for which no affidavit under OCGA § 9-11-9.1 was required. *Held*:

1. An affidavit under OCGA § 9-11-9.1 which does not state specifically at least one negligent act or omission is fatally defective. *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865). As the affidavit of Edwards' expert merely stated that the defendants did not follow the procedures expected of a licensed dentist, it did not state. specifically a negligent act or omission. Consequently, it did not satisfy the requirements of OCGA § 9-11-9.1 (a), and the trial court did not err by so finding. Moreover, Edwards' attempt to amend the affidavit to satisfy the requirements of OCGA § 9-11-9.1 was not authorized as it is apparent from the date of this second affidavit that it was not prepared and in Edwards' possession prior to the date the first affidavit was filed. OCGA § 9-11-9.1 (e); *St. Joseph's Hosp. v. Nease*, 259 Ga. 153, 155 (377 SE2d 847). Accordingly, the failure to file this affidavit was not a mistake, and no amendment was authorized. *Cheeley v. Henderson*, supra.

2. Edwards' argument that no OCGA § 9-11-9.1 affidavit was required is also without merit. Examination of her complaint shows she alleges that defendant Vanstrom was negligent because he gave her husband inappropriate medication, did not properly monitor his condition, and did not use the proper technique to resuscitate him after he was in distress. As these claims would require an expert witness to prove that Vanstrom was negligent (*General Hospitals of Humana v. Bentley*, 184 Ga. App. 489, 490-491 (361 SE2d 718)), these are not allegations of simple negligence. *Jones v. Bates*, 261 Ga. 240, 242 (403

SE2d 804); *Brown v. Durden*, 195 Ga. App. 340 (393 SE2d 450). Therefore, the trial court did not err by finding that an OCGA § 9-11-9.1 affidavit was required to maintain this action.

Accordingly, the trial court did not err by dismissing the complaint.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 28, 1992.

*Paul S. Weiner*, for appellant.

*Smith, Gambrell & Russell, David A. Handley, Matthew S. Coles*, for appellees.

