A93A2200. THURMAN et al. v. PRUITT CORPORATION.
(442 SE2d 849)

BEASLEY, Presiding Judge.

The executor of the estate of Dentis Thurman, and Mrs. Dentis

---

Thurman individually, brought suit against the Pruitt Corporation doing business as Fort Oglethorpe Nursing Home, alleging professional malpractice resulting in the death of the decedent, and a violation of OCGA § 31-8-126 (a). Plaintiffs appeal from the dismissal of their complaint for failure to file a legally sufficient affidavit under OCGA § 9-11-9.1 (a) to support their claim of professional malpractice. We reverse.

Plaintiffs' decedent died on February 1, 1991, and the complaint was filed on February 1, 1993, a Monday. Although it referenced an attached expert's affidavit, it was not filed until two days later. The affidavit had been executed and notarized on February 1. In its initial responsive pleading, defendant asserted as a ground for dismissal plaintiffs' failure to file a contemporaneous affidavit.[1] On March 5, defendant moved to dismiss the complaint on the same ground, also asserting insufficiency of the filed affidavit under OCGA § 9-11-9.1 in that it both fails to show that affiant is "an expert competent to testify" and that it fails to state a sufficient factual basis for a specific negligent act or omission.

In opposition to the motion to dismiss, plaintiffs' attorney attached her affidavit explaining that the expert's affidavit had been prepared prior to filing the lawsuit but was filed late by mistake. The trial court permitted it under § 9-11-9.1 (e). Accord *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (1), fn. 3 (377 SE2d 847) (1989) (decided prior to the enactment of subsection (e)).

On March 12, plaintiffs moved to amend their complaint under OCGA § 9-11-9.1 (b) and submitted for filing a second affidavit prepared by the same affiant on March 11. The trial court rejected plaintiffs' proffer of the second affidavit based on *Edwards v. Vanstrom*, 206 Ga. App. 21, 22 (1) (424 SE2d 326) (1992), in which we held that a second affidavit which had not been prepared and in plaintiffs' possession prior to the date the first affidavit was filed failed to satisfy the requirements of OCGA § 9-11-9.1. The court herein considered only the contents of the first affidavit, found it legally insufficient and dismissed the complaint. Appellees did not cross-appeal from the court's ruling that the affidavit was timely per extension under OCGA § 9-11-9.1 (b), so that issue is not subject to review.

1. Plaintiffs enumerate error only with respect to the trial court's ruling that the affiant is incompetent as an expert, which rendered the first affidavit insufficient under OCGA § 9-11-9.1 (a). The court's rejection of the second affidavit under *Edwards*, supra, is not enumerated as error, so that ruling stands.

The cause of action for professional malpractice was predicated

---

[1] A statute of limitation defense was also asserted, but was later withdrawn.

on allegations that defendant "failed to exercise a reasonable degree of care, diligence and skill ordinarily employed by nursing homes under similar situations and like surrounding circumstances [which] caused and contributed to [decedent's] injuries." The specific negligent acts alleged, as described in the affidavit, are failure to care for decedent's feet and legs after his hip was broken, causing gangrene; weight loss due to inadequate feeding; insufficient changing of old linen; lack of support hose; subjection to cold showers and long periods of sitting in a chair, all of which constituted below-standard nursing care. It was alleged in the complaint that as a result of defendant's failure to provide adequate care, decedent developed gangrene, which ultimately caused his death. The theory is that of respondeat superior arising from acts and omissions requiring the exercise of professional skill and judgment by professional members of defendant's staff. See generally *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 65 (3) (424 SE2d 632) (1992).

Affiant is a licensed, registered nurse with specialized training in enterostomal therapy[2] and is employed by Visiting Nurse Services, Inc. as an employee health nurse. According to her affidavit, her graduate course qualified her as a specialist in wound treatment. She averred: "As a practicing registered nurse, I am familiar with the standards of care applicable to nurses and support staff with regard to nursing care of residents in skilled nursing facilities or nursing homes." The question is whether this qualifies her as "competent to render an opinion about the standard of care of other members of the medical profession," which she may do so "long as [her] opinion concerns a common area of expertise." *Tye v. Wilson*, 208 Ga. App. 253, 254 (430 SE2d 129) (1993). Her opinion concerned the standard of care administered to the decedent by defendant nursing home through its nursing staff. Considering the nature of the challenged acts and omissions, the affiant is prima facie qualified according to her training and experience to give her opinion as an expert.

This is not among those cases in which the affiant is not competent to testify, absent a showing of overlapping expertise, because she is a member of a school of medical practice other than that to which the defendant belongs. See *Hewett v. Kalish*, 210 Ga. App. 584 (436 SE2d 710) (1993), cert. granted (Case No. S94G0201, January 21, 1994), and cases cited therein.

2. For the same reason, the trial court also erred in dismissing the distinct claim of liability under OCGA § 31-8-126 (a). It provides a cause of action for damages against a long-term care facility for fail-

---

[2] Enterostomy is defined in Taber's Cyclopedic Medical Dictionary (15th ed. 1985) as a "surgical formation of a permanent opening into the intestine through the abdominal wall."

ure to provide certain rights guaranteed under OCGA § 31-8-100 et seq., known as the "Bill of Rights for Residents of Long-Term Care Facilities."

"In the context of a nursing home, over and above the contractual obligation the nursing home assumed to take care of its residents, the State has imposed a statutory obligation for it to exercise 'reasonable care and skill.' OCGA § 31-8-108. . . . The general standard of care required of a nursing home is that degree of care, skill, and diligence usually exhibited by such homes generally in the community. . . . In order to recover, [plaintiffs] had to show that [defendant] failed to do something which a reasonable person, guided by the above considerations which ordinarily regulated the conduct of affairs of a nursing home, would have done, or ought to have done, and failed to perform such responsibility." *Assoc. Health Systems v. Jones*, 185 Ga. App. 798, 801 (1) (366 SE2d 147) (1988). This claim also remains viable.

*Judgment reversed. Pope, C. J., McMurray, P. J., Cooper and Blackburn, JJ., concur. Birdsong, P. J., Andrews, Johnson and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent.

1. I would find that the affidavit provided by Thurman was insufficient because it failed to provide "the factual basis" for Thurman's claim, as required by OCGA § 9-11-9.1. The affiant nurse acknowledges that she reviewed no medical records, but instead relied upon "my understanding gained from information given to Attorney Deborah Green by Mr. Thurman's family." "The affiant may *review the medical records*, take the relevant facts therein to be true, and restate those facts in the affidavit to provide the basis for the expert opinion." (Emphasis supplied.) *Ulbrich v. Batts*, 206 Ga. App. 74, 75 (424 SE2d 288) (1992). An expert also may state his opinion based upon facts alleged in the complaint, concluding that such facts, if true, would constitute professional malpractice. Id. The complaint here, however, alleges no facts upon which the affiant could have based an opinion; it simply states that defendant failed to meet the required standard of care and refers to the affidavit. Double hearsay which appears nowhere in the record, provided by family members through the medium of the plaintiffs' attorney, is insufficient to provide a factual basis for an affidavit under OCGA § 9-11-9.1.

2. The Bill of Rights for Residents of Long-Term Care Facilities, OCGA § 31-8-100 et seq., does not negate the professional malpractice affidavit requirements of OCGA § 9-11-9.1. It is intended to provide a cause of action for negligence or breach of duty on the part of long-term care facilities not rising to the level of professional mal-

practice. *Assoc. Health Systems v. Jones*, 185 Ga. App. 798 (366 SE2d 147) (1988), cited by the majority, involves not medical malpractice but negligent failure to restrain an aggressive resident. In contrast, Thurman relies upon allegations of professional malpractice, for which she must provide an affidavit conforming to the statute.

For these reasons, I would affirm the trial court's dismissal of the complaint.

I am authorized to state that Presiding Judge Birdsong, Judge Andrews and Judge Johnson join in this dissent.

DECIDED MARCH 16, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994 —

*Deborah L. Green*, for appellants.
*Joe B. Sartain, Jr., Ray L. Crowell*, for appellee.