A94A2607, A94A2608. A SOUTHERN OUTDOOR PROMOTIONS, INC. v. NATIONAL BANNER COMPANY, INC.; and vice versa.
(449 SE2d 684)

BIRDSONG, Presiding Judge.

Appellant, A Southern Outdoor Promotions, Inc. f/k/a Southern Outdoor Promotions, Inc. filed an application for interlocutory review. Expressly exercising the constitutional power vested in this court to aid our jurisdiction and to protect and effectuate our judgments, we granted a limited interlocutory review. By written order, this court expressly limited interlocutory review to the sole appellate issues whether the trial court erred by authorizing the production (without limiting said production to matters relevant to the account at issue) of documents listed in Items 2 and 11 of Exhibit A of appellee National Banner Company, Inc.'s notice to take deposition and notice to produce, to-wit: "2. All correspondence between the Internal Revenue Service and the defendant concerning the defendant's recent audit, and a copy of IRS's audit result and/or report"; "11. Copy of the defendant's most current balance sheet with supporting schedules, ledgers, etc." Notwithstanding the limited scope of the granted interlocutory review, appellee National Banner Company, Inc. has filed a cross-appeal with a single enumeration specifying that the trial court erred in denying its motion for summary judgment on July 22, 1993; the record does not reveal that cross-appellant previously filed and had been granted an application for interlocutory review of this order. *Held*:

*Case No. A94A2608*

1. In summary judgment the evidence and all reasonable inferences and conclusions arising therefrom are construed in favor of the opposing party. *Moore v. Goldome Credit Corp.,* 187 Ga. App. 594, 596 (370 SE2d 843). Although cursory examination reveals that cross-appellant's enumeration of error is without merit, for the following reason we do not reach an adjudication of the merits of the cross-appeal. By order of this court, dated May 16, 1994, wherein the constitutional power of this court (Ga. Const. 1983, Art. VI, Sec. I, Par. IV) was expressly invoked to restrict the scope of our interlocu-

tory review so as to aid directly our jurisdiction and to protect and effectuate our judgments, we granted interlocutory review "but only as to" those limited legal issues regarding discovery as above-listed. By this order, this court limited its jurisdiction to the resolution only of the appellate issues for which permission was affirmatively granted to file an interlocutory review. The laws of this state are graduated with reference to their obligation or *authority*; in the hierarchy of such legal graduation the provisions of the constitution of this state are paramount to and controlling over state statutes. See *Warren v. State*, 255 Ga. 151, 156, n. 11 (336 SE2d 221). Therefore OCGA § 5-6-34 (d) notwithstanding, this court in its judicial discretion and by the express invocation of its constitutional power did and hereby continues to elect to remain without jurisdiction to address cross-appellant's enumeration that the trial court erred in denying cross-appellant's motion for summary judgment. *Martin v. Williams*, 263 Ga. 707 (438 SE2d 353); *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199); *Aetna Cas. &c. Co. v. Cantrell*, 197 Ga. App. 672 (1) (399 SE2d 237); and their progeny, which do not involve cases where this court expressly has invoked its constitutional powers to limit the scope of interlocutory review or discretionary appeal in aid of its jurisdiction or to protect or effectuate its judgments, are distinguishable and not controlling. The appeal in Case No. A94A2608 is dismissed.

### Case No. A94A2607

2. Appellee's motion to strike and for sanctions is denied.

3. In the disposition of this appeal judicial notice is taken of the record of Case No. A94A2608 currently on file with this court. See *Backus Cadillac-Pontiac v. Ernest*, 195 Ga. App. 579 (394 SE2d 367). In general, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. OCGA § 9-11-26. Examining the record before us and the relevant documents, including the pretrial order in the record of Case No. A94A2608 and the uncontroverted evidence that a substantial portion of the documents sent to the IRS for examination have been returned to appellee/taxpayer, we conclude that the IRS documents at issue are of de minimis relevancy within the meaning of *E. H. Siler Realty &c. v. Sanderlin*, 158 Ga. App. 796 (1) (282 SE2d 381). Such records are not automatically discoverable upon a de minimis showing of relevancy. " 'Certainly the competing interest in an individual's right to privacy must be accommodated in the discovery process. Otherwise, the discovery process would become a device for the unscrupulous litigant to squeeze concessions from the opposing side in cases where such concessions were totally unwarranted. This sort of abuse simply cannot be tolerated in an ordered system of

justice.' *Borenstein v. Blumenfeld*, 151 Ga. App. 420, 421 (260 SE2d 377)." *E. H. Siler Realty* at 797. Under the facts of this appeal, we find that appellant's right to privacy substantially outweighs the de minimis relevancy of this particular discovery request. See *E. H. Siler Realty*, supra. Moreover, the request for all correspondence between taxpayer and the IRS and a copy of the IRS audit result and/or report, pertaining to appellant's most recent tax audit, is overly broad and oppressive. For example, discovery of documents pertaining to appellant's "recent audit" is not reasonably limited to any particular audit — appellant may have had several recent audits which could pertain to another tax year not related in any manner to this lawsuit. Similar observations as to lack of reasonable relevancy and overbreadth could be made regarding all such correspondence and audit results and/or reports which pertain to such "recent audit." In fact, appellee made no attempt even to limit his request to a recent audit of tax documents pertaining to a certain tax year or to certain tax years. " 'The [discovery] notice should be specific enough in its demands to relate the documents sought to the questions at issue.' " *Washburn v. Sardi's Restaurants*, 191 Ga. App. 307, 310 (4) (381 SE2d 750). We conclude from the face of this broad request that it was filed primarily for purposes of oppression or annoyance. See generally OCGA § 9-11-26 (c). To require the tax documents of appellant to be produced, pursuant to such a broad discovery request as exists in this case, "would in my mind be annoyance, embarrassment, oppressive and an undue burden as contemplated in [OCGA § 9-11-26 (c)]." *Borenstein*, supra at 422 (concurring opinion); cf. *Magliaro v. Lewis*, 203 Ga. App. 632, 635 (5) (417 SE2d 395) where the trial court did not abuse its discretion in finding that the discovery sought was not reasonably calculated to lead to admissible evidence relevant to the issues in the case. *McKinnon v. Smock*, 209 Ga. App. 647, 648 (3) (434 SE2d 92), where lost wages were sought as an element of damages and income tax records for specific years were requested, is distinguishable and not controlling. We conclude the trial court abused its discretion in ordering production of the tax documents here in issue.

4. Item 11 of appellee's notice to produce sought production of a "copy of the [appellant's] most current balance sheet with supporting schedules, ledgers, etc." By requiring production of all supporting schedules, ledgers, *etc.*, appellee has not only made a demand that fails to inform appellant with adequate specificity of those documents which he is required to produce, but one which is not reasonably restricted to the disclosure of information relevant to matters in issue at trial. Recognizing the grave potential for abuse of discovery where evidence of a defendant's financial circumstances is sought, "it has been held almost uniformly that where pre-trial discovery of the de-

fendant's financial resources is authorized, the scope of such should be restricted to the extent necessary to prevent an unreasonable intrusion into the defendant's privacy." *Holman v. Burgess*, 199 Ga. App. 61, 64 (404 SE2d 144). Considering the relatively unrestricted scope of the request for financial information here sought, which includes a virtual open-ended description of the supporting documents subject to disclosure, "we hold that the request for production submitted by the appellee in this case was so manifestly burdensome and oppressive that the trial court would not have been authorized to compel responses to it." Id.

Accordingly, we conclude that the trial court abused its discretion in ordering production of those documents broadly identified in Items 2 and 11 of appellee's notice to produce.

*Judgment reversed in Case No. A94A2607. Appeal dismissed in Case No. A94A2608. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 3, 1994.

*Stuart A. Kurtz,* for appellant.
*H. Darrell Greene & Associates, Paul Shimek III,* for appellee.

