A96A2523. LEDEE v. DEVOE.
(484 SE2d 344)

BIRDSONG, Presiding Judge.
Pursuant to the grant of an interlocutory appeal, William A. Ledee appeals the trial court's denial of his motion for a protective order which he sought to prevent production of his income tax returns and other financial records. Bertha Devoe maintains that she is entitled to this information about Ledee's worldly circumstances because Ledee is potentially liable for punitive damages.

Ledee contends the trial court erred by ordering discovery of his income and financial circumstances without Devoe first showing a causal connection between Devoe's injury and Ledee's intentional,

wilful or wanton act or omission; he also contends the trial court erred by ordering prejudgment and pretrial discovery of his income and financial circumstances that is manifestly burdensome and oppressive.

This appeal arises from a complaint Devoe brought against Ledee and two attorneys alleging conspiracy, negligence, fraud, and breach of fiduciary duty in the handling of a slip and fall case which was dismissed for want of prosecution and not renewed under OCGA § 9-2-61. Devoe claims that, although not an attorney, Ledee held himself out to be an attorney, and that he worked in the office of two attorneys who shared an office. One of these attorneys has been since disbarred. Ledee, however, asserts that he is not an attorney and that he merely managed a risk management/insurance agency that was located in the same office building as the two attorneys and was associated with these attorneys in that way.

According to the contract Devoe signed, she retained one of the attorneys to represent her in a case concerning her slip and fall. This attorney has since denied that he signed the document and has also denied any involvement in the matter. Devoe contends Ledee was introduced to her as an attorney and as the attorney who would be representing her in the matter. Subsequently, a complaint in the slip and fall case was filed ostensibly by the disbarred attorney, but service of process was not made on the defendant and the case was dismissed for want of prosecution. Devoe holds Ledee responsible for this result.

Ledee moved for summary judgment on the claims against him asserting that even if he earlier held out to Devoe that he would be her attorney as she contends, he cannot be held liable for her damages because his actions were not the proximate cause of her damages. In conjunction with this motion, Ledee also moved for a protective order staying further discovery pending a decision on his summary judgment motion, and in particular sought protection from having to produce copies of his tax returns. The trial court, however, denied Ledee's motion, ordered that he sit for deposition, and that he answer Devoe's discovery.

Thereafter, Devoe served a notice to take deposition on Ledee with an attached subpoena duces tecum. This subpoena sought the following:

"1. The last five financial statements prepared by you, for you, or for any company in which you have a financial interest, for any purpose, whether for submission to a prospective creditor, or existing creditor, for submission to any governmental authority or for submission to any shareholders or other persons or entities;

"2. The last five annual financial statements prepared by you, for you, or for any entity in which you have a financial interest for any

purpose or, in the alternative, please provide financial statements for five separate years, prior to and including the current year;

"3. All federal and state income tax returns submitted by you to governmental authorities in the United States or in any other country for each of the last five years;

"4. Each and every bank statement (including all checking, savings and other such accounts) in which [you] maintain[ed] an account on May 13, 1996. Please provide statements for a period [of] six months leading up to and including May 13, 1996;

"5. Bank statements (including all checking, savings, and other such accounts) of every savings and loan association in which you have an account as of May 13, 1996. Please provide statements for a period [of] six months leading up to and including May 13, 1996."

Devoe also submitted second interrogatories to Ledee that sought the following information:

"1. Give the name and address of each and every bank in which you presently maintain an account of any type and the current balance of said account.

"2. Give the name and address of each and every [bank] in which you maintained an account on or about May 13, 1996 and the balance of said account on May 13, 1996.

"3. Give the name and address of each and every savings and loan association in which you have an account of any type and the present balance of that account.

"4. Give the name and address of each and every savings and loan association in which you had an account on May 13, 1996 and the balance of that account on May 13, 1996.

"5. Give the name, address, and legal description of each and every piece of real estate, including your home, in which you have any interest, and state the value of such interest.

"6. Give the complete name and address of any person, firm, or corporation who has any interest in any real estate named in the previous interrogatory by way of mortgage, security deed, or other security instruments and the amounts of the outstanding indebtedness on each piece of real estate, if any.

"7. List all corporations or other stock companies in which you own any stock. Provide the numbers of the stock certificates, the number of shares in which you own, the specific location of these shares and the present market value of the shares.

"8. List each and every item of personal property having a value of 1,000 or more in which you have any interest other [than] what you have listed above, including but not limited to, jewelry, clothing, furniture, automobiles, and boats.

"9. If there is any outstanding indebtedness on any of the items stated in your response to the previous interrogatory, please state

the amount of the indebtedness on each article and to whom the indebtedness is owed to.

"10. List all office furniture and equipment in which you own any interest, and the value of each piece. If any of said equipment is mortgaged or otherwise unpaid, list the amount of indebtedness owed and to [whom] it is owed.

"11. List every person, firm, or corporation who owes you any amount of money whatsoever, give the exact amounts owed at the present time and the complete names and [addresses] of the persons, firms, or corporation owing you.

"12. List all insurance companies in which you have an insurance policy of any kind. Also give the face amount of the policies, when they were taken out, and the amount of the cash value in said policies, if any.

"13. Give the model, make, year and license tag number of any automobile and truck owned by [you] at the time these interrogatories were served on you.

"14. State where you are presently employed, the amount of compensation you receive for said employment and whether you are paid a salary or on a commission basis.

"15. State whether you have a safe deposit box(es) in your name, if so, state the name of the institution and the address where said box(es) is located.

"16. State whether you have filed any petition for bankruptcy in the last 10 years, if so, state the date said petition(s) [was] filed and where said petition(s) was filed.

"17. Please identify by name, address, business affiliate, corporate name or other such description all business interests in which you derived any income during the last three years."

Upon receipt of this additional discovery, Ledee again moved for a protective order, moved to reconsider the ruling on the earlier protective order, and moved to quash the subpoena. After oral argument the trial court denied the motions and issued an order substantially as follows "the court hereby finds that all discovery propounded by the plaintiff is to be responded to in full, that a *prima facie* showing of entitlement to punitive damages has been made by the plaintiff and that further discovery as to all issues, including the worldly circumstances of defendant William Ledee, are appropriately discoverable by the plaintiff.

"The court further orders that all information acquired through discovery concerning defendant's worldly circumstances is to be kept under seal until such time as this court rules otherwise. Further, the plaintiff, her attorneys, and all of their agents and employees are to make no disclosures of same, except as a part of trial of the above-styled matter." *Held*:

1. Devoe's motions to supplement the record and to dismiss the appeal are denied. Her motion to withdraw the discovery at issue in this appeal does not render the issues moot as she has reserved the right to refile the discovery at any future time after the trial court's ruling on Ledee's motion for summary judgment. Although propounding this discovery at that time would eliminate some of the issues presented in this appeal, it would not resolve all of them. Moreover, withdrawal of Devoe's discovery would not vacate the ruling of the trial court which Ledee has appealed.

2. Ledee contends that the trial court erred by ordering this broad discovery without first requiring a showing of a causal connection between Devoe's injury and Ledee's actions. Notwithstanding the admissibility of evidence of the defendant's worldly circumstances in punitive damage cases, a mere demand for punitive damages does not authorize the type of discovery sought in this case. Though mindful that the trial court has determined that Devoe has made a prima facie showing that Ledee is liable for punitive damages, the trial court has not ruled on Ledee's motion for summary judgment which claims that, as a matter of law, he did not cause Devoe's damages. Further, the record does not indicate that Devoe made an "evidentiary showing (by affidavit, discovery responses, or otherwise) that a factual basis existed for her punitive damage claim." *Holman v. Burgess*, 199 Ga. App. 61, 64 (404 SE2d 144). Mere allegations in the complaint or otherwise and representations by counsel do not suffice; there must be an evidentiary showing. Id. Although the trial court relied upon certain documents in the record that tended to show that Ledee held himself out as Devoe's attorney, these documents, i.e., an affidavit from an adjuster, Devoe's deposition, an affidavit from the attorney with whom Devoe purportedly signed a contract of representation, do not necessarily show that Ledee's actions were the proximate cause of Devoe's damages. Because liability also depends upon showing causation and damages, a sufficient evidentiary showing has not been made at this point. These comments, however, are not an expression of our opinion on the merits of Ledee's motion for summary judgment as we recognize that Devoe has yet to file her response.

A ruling on Ledee's liability, as a matter of law, would be determinative of Devoe's right to this discovery. If Devoe cannot show a causal connection between Ledee's actions and her injury, summary judgment would be warranted, and this dispute would be avoided. We do not mean to say, however, that a ruling on a motion for summary judgment is always required in these disputes. It is enough if a plaintiff supports her claim to this kind of discovery with affidavits, discovery responses, or other evidence sufficient to show that "an evidentiary basis exists for the punitive damage claim." Id. at 63. Even

though we recognize that the trial court has ordered that the discovery responses be kept under seal and has restricted disclosure of that information, until the required evidentiary basis is shown, even those measures are not sufficient. Who would want any strangers to have access to the type of financial information requested in this case from Ledee regardless of the safeguards imposed to restrict access only to those strangers?

Further, although not specifically addressed below, Devoe is entitled to conduct discovery of information relating to the connections or arrangements among Ledee and the two attorneys in this case, and particularly their financial and business relationships. Thus, some discovery of Ledee's financial records would appear to be warranted even on liability, notwithstanding Devoe's claim for punitive damages. Nevertheless, not all of the information sought in this dispute necessarily falls within that category, and although Devoe may be entitled to discovery on these matters, it does not follow that she is entitled to the far-reaching, burdensome discovery she is seeking.

Further, even if discovery of a defendant's worldly circumstances and business relationships is authorized, discovery of the defendant's financial affairs is not unlimited. Assuming that a showing has been made that Ledee would be liable for punitive damages in this case, we reiterate, it is the trial court's obligation to assure that the scope of the discovery is restricted to the extent necessary to prevent an unreasonable intrusion into the defendant's privacy. *Holman v. Burgess,* supra at 64. Such a determination requires the careful balancing of the requesting party's interest in obtaining the information sought by each request for production or interrogatory with the privacy rights of the other party. As this record does not demonstrate that the trial court has exercised its discretion by undertaking that balancing of interests, we must return this matter for the trial court to do so. In particular, we are concerned that the requirement to produce Ledee's tax returns is unduly burdensome. See *A Southern Outdoor Promotions v. Nat. Banner Co.,* 215 Ga. App. 133, 134-135 (449 SE2d 684); *Borenstein v. Blumenfeld,* 151 Ga. App. 420, 422 (260 SE2d 377) (Birdsong, J., concurring specially). We also note that some of the requests can be construed reasonably to require the production of information concerning bank accounts, property, joint tax returns, etc. that involve the privacy interests of other parties. Consequently, we hold that, based upon the record before us, the requests for production and second interrogatories in this case were so manifestly burdensome and oppressive that even though the trial court was authorized to compel some discovery, it was not authorized to compel Ledee's unlimited response to each request. *Holman v. Burgess,* supra at 64. We also reject Devoe's assertion that because

Ledee was convicted of a felony 20 years ago that he has somehow lost his right to privacy.

Accordingly, the order of the trial court is reversed and the case remanded to the trial court for additional consideration and balancing of Devoe's right of reasonable discovery with Ledee's rights of privacy.

*Judgment reversed with direction. Blackburn, J., concurs. Beasley, J., concurs in judgment only.*

DECIDED MARCH 20, 1997 —

*Cauthorn & Phillips, Thomas E. Cauthorn III, Melissa J. McMath, Awtrey & Parker, Harvey D. Harkness*, for appellant.

*Slappey & Sadd, James N. Sadd, Glass, McCullough, Sherrill & Harrold, Robert T. Quackenboss, Jr., William A. DuPre IV, Charles A. Evans*, for appellee.