### A97A2174. PEACOCK v. HCP III EASTMAN, INC. et al.
(497 SE2d 253)

POPE, Presiding Judge.

Curtis Peacock, administrator of the estate of his mother, Nina Peacock, filed suit against HCP III Eastman d/b/a Heart of Georgia Nursing Home and Meadowbrook Management Company for aspects of the care his mother received while living at the nursing home. The complaint, which sought punitive damages, alleged that while his mother was a resident at defendants' nursing home, the defendants negligently failed to perform a number of tasks, including: to feed his mother properly; keep her clean; keep adequate records; and properly train, screen and supervise employees. In Count 2, Peacock asserted that his mother's injuries were caused by intentional acts constituting an assault.

Evidence at trial established that in 1990 Peacock placed his elderly mother, who was suffering from Alzheimer's disease, in the care of Heart of Georgia. Soon after placing her in the home, Peacock became concerned about the quality of the care she was receiving. On

October 15, 1992, Mrs. Peacock suffered an injury in which her face was bruised and the skin was broken. Peacock testified that initially the Heart of Georgia staff told him that no one knew what had happened to her; Peacock also claimed that he was denied immediate access to his mother's records. Mrs. Peacock's condition deteriorated, and in early 1993 she died after having two strokes.

Peacock filed the complaint based on his general dissatisfaction with his mother's care and based on the specific incident in which she was injured. The jury returned a defendants' verdict, and Peacock appeals, raising eight enumerations of error.

In reviewing this case we are mindful of the various statutory guidelines regarding the rights of residents of long-term care facilities. See OCGA § 31-8-100 et seq. (the "Bill of Rights for Residents of Long-term Care Facilities"); see also *Associated Health Systems v. Jones*, 185 Ga. App. 798 (366 SE2d 147) (1988); *Thurman v. Pruitt Corp.*, 212 Ga. App. 766, 768 (2) (442 SE2d 849) (1994). Regarding disclosure of treatment of Alzheimer's disease or Alzheimer's related dementia, see OCGA § 31-8-180 et seq. While not directly implicated in this case, this statutory scheme provides a context in which the care Heart of Georgia Nursing Home and Meadowbrook Management Company provided to Mrs. Peacock can be evaluated. Based upon the court's error in refusing to enforce Peacock's notice to produce at trial, we reverse.

1. In his first enumeration, Peacock claims that the trial court erred in refusing to enforce a notice to produce at trial which included a request for all incident reports from the home from January 1991 through March 1993, as identified in certain employees' depositions. Earlier in the litigation, the court had granted a protective order to defendants — and denied Peacock's motion to compel — regarding the same requests because of the breadth of the requests.

This case is controlled by *Apple Investment Properties v. Watts*, 220 Ga. App. 226 (469 SE2d 356) (1996), in which this Court concluded that the plaintiff could obtain discovery regarding reports at a personal care home for an 11-month period. In that case, which the decedent's son brought against the personal care home at which his father had lived while suffering from Alzheimer's disease, the Court concluded that the incident and accident reports which the plaintiff sought were relevant, particularly in light of his punitive damages claim. The Court concluded that the similar acts evidence might be admissible in both the liability and punitive damages phases of the trial and "could show [the home] had notice its employees were not properly supervising residents or that residents were finding a way out of the facility. . . ." Id. at 228. In so deciding, the Court rejected the home's arguments that because the reports contained "personal information" about the residents they were privileged. This Court

concluded that to protect the residents' privacy, the trial court could conduct in camera reviews and fashion orders limiting the use and dissemination of the records.

Here, although the notice to produce sought reports for the entire 26-month period during which Mrs. Peacock lived at the home, the logic from *Apple Investment Properties v. Watts* prevails. Moreover, contrary to defendants' arguments, the fact that a notice to produce at trial and not a discovery request is at issue is not dispositive. See generally *Gaffron v. MARTA*, 229 Ga. App. 426, 432 (4) (494 SE2d 54) (1997). Accordingly, the court should have allowed Peacock to obtain these records, and its refusal to do so was erroneous.

2. We find Peacock's remaining enumerations without merit.
*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 4, 1998 —
RECONSIDERATION DENIED FEBRUARY 24, 1998

*Gleaton, Scofield, Egan & Jones, E. Clayton Scofield III*, for appellant.
*McLain & Merritt, Howard M. Lessinger*, for appellees.