### 2000.    WRIGHT v. THE STATE.

1. After verdict it is too late for a party, who upon the trial made no objection to testimony which was inadmissible or of no probative value, to urge for the first time, as a reason why a new trial should be granted

him, the failure of the judge to exclude such testimony upon the motion of the opposite party. His failure to object upon his own part, or to join in the objection of his opponent, will be construed as a waiver of all objections to it, and as a tacit admission that he considered it beneficial to his cause.

2. In no case will error in rulings upon testimony require the grant of a new trial to that party to whom the incorrect ruling or failure to rule was helpful rather than hurtful. Injury, as well as error, must be shown.

3. The evidence authorized the verdict, and the refusal to grant a new trial was not error.

Accusation of misdemeanor, from city court of Fitzgerald—Judge Jay. June 9, 1909.

Submitted October 4,—Decided October 13, 1909.

*E. S. Fuller,* for plaintiff in error.    *O. H. Elkins,* solicitor.

RUSSELL, J.   Outside of the ordinary general grounds, the plaintiff in error assigns, as a reason why a new trial should have been granted, a ruling upon the part of the trial judge upon the testimony. This ruling was not invoked by the plaintiff in error, but by the solicitor in behalf of the State. It appears from the record that at the conclusion of the evidence O. H. Elkins, Esq., solicitor of the city court, moved to rule out the hearsay testimony that was brought ·out in the cross-examination. Upon this the court ruled as follows: "I do not know just what the evidence is now. You should have made your objection at the time. But I will state to the jury, gentlemen of the jury, any evidence that appears to you, from the evidence from the stand, was hearsay evidence, you will not consider it." The court properly ruled that the objection was too late, or at least too general, to invoke any ruling; and he perhaps should have stopped there. The only question which can possibly arise is whether the statement to the jury, that they should exclude any evidence that appeared to them to be hearsay evidence, is such an error as to authorize the reversal of the judgment refusing a new trial. We think not. It is true, of course, that it is for the judge to determine what is hearsay and what is not; and the dictum that the jury are the judges of the law and the evidence is subject to the qualification that they are to take the law from the court, and consider as evidence only such testimony as the court may submit to their consideration. But in the present case the plaintiff in error can derive no benefit from the point. If the language of the judge be taken as a direction to the jury to exclude

hearsay testimony, the ruling was undoubtedly correct; for hearsay is of no probative value. If, on the other hand, the direction given by the judge was not sufficient for that purpose, the plaintiff in error can not be heard to object to this failure upon the part of the judge; because, by his silence, he acquiesced in allowing the hearsay testimony to remain before the jury. Evidently, at the time of the trial the defendant did not think the hearsay testimony was injurious to her cause, or else she would have objected on her own motion and at the proper time, or at least would have joined in the objection made by the solicitor, and have aided in pointing out definitely the testimony sought to be excluded, upon the ground that it was hearsay. Nothing is better settled than that a party will not be permitted to play fast and loose with the court. Frequently it happens that for special reasons a party may deem it to his advantage not to object to testimony which is not strictly admissible, or testimony which has no probative value whatever. In some cases such testimony might serve to explain motive or conduct. But after verdict it is too late for a party, who, upon the trial made no objection to the evidence which was inadmissible or of no probative value, to urge for the first time, as a reason why a new trial should be granted him, the failure of the trial judge to exclude such testimony upon the motion of the opposite party. His failure to object upon his own part, or to join in the objection of his opponent, will be construed as a waiver of all objections to it, and as a tacit admission that he considered it beneficial to his cause. In no case will error upon the part of the trial judge in rulings upon testimony require the grant of a new trial to that party to whom the incorrect ruling or failure to rule was helpful rather than hurtful; injury, as well as error, must be shown.

There is some conflict in the evidence as to the time that the rocking-chair which was alleged to have been stolen was first missed from the house of the prosecutrix, but the defendant's own statement with regard to the manner in which she became possessed of the chair is so equivocal that, when taken in connection with the testimony in behalf of the State, it virtually amounts to a plea of guilty. There was no error in the refusal of the trial judge to grant a new trial. *Judgment affirmed.*