### 31591. CRUMBLEY v. STEWART.

HALL, Justice.

This is an appeal from the denial of a change of child custody by the Superior Court of Clinch County.

Appellant and appellee were divorced in 1970. The divorce judgment vested custody of the parties' two minor children in the appellee wife pursuant to an agreement between the parties. In 1974 the appellee orally agreed that the parties' ten-year-old child could live with the appellant for an indefinite period because of the child's severe emotional problems. Sometime later the appellee decided she wanted the child returned to her custody, thereby precipitating the filing of this change-of-custody suit by the appellant father.

The trial court found that prior to the child's move to his father's home, he was introverted, anti-social, unruly and educationally substandard. After psychological counseling, and an extensive corrective and remedial program by the appellant and his present wife, the child is well-mannered, sociable, and academically proficient. The trial court denied the change-of-custody petition, however, holding that the appellant failed to show a change of condition in the appellee's home which would adversely affect the minor child's best interests.

It is apparent that the trial judge used the standard found in *Young v. Pearce,* 212 Ga. 722 (95 SE2d 671) (1956); *Bowen v. Bowen,* 223 Ga. 800 (158 SE2d 233) (1967) and similar cases. On reflection it is our opinion that these cases are in conflict with the standard set forth in *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974) and are hereby overruled. The standard to be followed is whether there are changed conditions affecting the best interests of the child occurring after the rendition of a former final custody judgment which will warrant the issuance of a new judgment by a habeas

corpus court changing custody or visitation rights, and is essentially a fact question in each individual case which must be decided by the habeas corpus court. And if there is reasonable evidence in the record to support the decision made by the habeas corpus court in changing or in refusing to change custody or visitation rights, then the decision of that court must prevail as a final judgment, and it will be affirmed on appeal. *Robinson,* supra; *Long v. Long,* 233 Ga. 248 (210 SE2d 769) (1974).

The judgment is reversed and remanded to the trial court with direction that he exercise a legal discretion in ruling whether or not there are changed conditions affecting the welfare of the child occurring after the rendition of the former first custody judgment. *Rhoden v. Dearman,* 234 Ga. 229 (214 SE2d 919) (1975).

*Judgment reversed and remanded with direction. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 30, 1976 — DECIDED JANUARY 6, 1977.

*King & Thurman, Marjorie King,* for appellant.
*Brooks Blitch, III,* for appellee.