## 32133. BOLDEN v. CARROLL.

BOWLES, Justice.

A petition for change of custody was brought by Joe Carroll, appellee, against his former wife, Gayle Bolden (formerly Carroll) appellant. This appeal is from an order of the Superior Court of DeKalb County granting to the appellee change in custody of the two children.

The parties were divorced on November 5, 1971, and by agreement, the decree gave custody of their two minor children to appellant. In January of 1973 she married her present husband, Richard Bolden. The marriage began with serious problems. Appellant would call appellee, about violent arguments, fights and financial problems she and her new husband were having. After an incident

in March, 1973, in which Mr. Bolden assaulted his wife in front of one of the children, who was then only five years old, the appellee filed this petition for change in custody.

1. Appellant enumerates as error the trial court's consideration of a report made by the DeKalb County Department of Family & Children Services. At the hearing of appellee's petition, the trial judge stated that it was his policy in custody cases to transfer the matter either to the juvenile court or the the Department of Family & Children Services for a complete investigation before ruling on the merits. At the conclusion of this hearing, the court informed the parties that this matter would be transferred to the Department of Family & Children Services for investigation. After the investigation and report were completed a lengthy trial was held at which time counsel for appellee objected to the court's consideration of the report arguing that it was hearsay. Counsel for the appellant made no objection to the introduction of this investigative report but remained silent when counsel for the appellee voiced his objections. Appellant now presents to this court the argument made on objection, not by herself, but by her opposing counsel. An appellant has no right to base an enumeration of error on an objection to the introduction of evidence made by the other party. "His failure to object upon his own part . . . will be construed as a waiver of all objections to it, and as a tacit admission that he considered it beneficial to his cause." *Wright v. State,* 6 Ga. App. 770, 772 (65 SE 806) (1909). The report appeared favorable in this instance. "The failure of the appellant to object to this evidence at the time it was offered and received by the court constituted a waiver of any objection he might have had, and he cannot now for the first time before this court raise questions as to the propriety of the trial court's considering such evidence. *Hanks v. Phillips,* 39 Ga. 550 (3); *Eberhardt v. Bennett,* 163 Ga. 796 (4) (137 SE 64)." *Mitchell v. Hayden, Stone, Inc.,* 225 Ga. 711 (2) (171 SE2d 280) (1969); *Sheffield v. State,* 235 Ga. 507, 508 (220 SE2d 265) (1975). "A party cannot during the trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later. *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 211)." *Collier v. State,* 223 Ga. 867 (159

SE2d 73) (1968).

2. Appellant enumerates as error the court's submission of the parties and their children to a psychological profile, the making of the documentary evidence available to the psychologist and the consideration of the psychologist's report by the court. All three are without merit. Appellant never made an objection to psychological testing during the trial of the case or at the final hearing although he had ample opportunity to do so. As was stated in Division 1, appellant's failure to make an objection to this procedure or to the introduction of the psychologist's report as evidence acts as a waiver of appellant's right to present her objection to this court on appeal.

3. Appellant's final enumerations of error complain that there was no legal evidence to sustain certain findings of fact or to justify the change of custody ordered by the court. "To authorize a change in custody it must be shown that there has been a change in conditions substantially affecting the interest and welfare of the children." *Beckman v. Beckman,* 225 Ga. 693 (1) (171 SE2d 135) (1969). Recently this court in *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974), stated that, "Changed conditions affecting the welfare of a child occurring after the rendition of a former final custody judgment which will warrant the issuance of a new judgment by a habeas corpus court effecting a change of custody . . . is essentially a fact issue in each individual case which must be decided by the habeas corpus court. And if there is 'reasonable evidence' in the record to support the decision made by the habeas corpus court in changing custody . . ., then the decision of the habeas corpus court must prevail as a final judgment, and it will be affirmed on appeal." See *Crumbley v. Stewart,* 238 Ga. 169 (231 SE2d 772) (1977); *Schowe v. Amsler,* 236 Ga. 720 (225 SE2d 289) (1976); *Gordon v. Gordon,* 236 Ga. 604 (225 SE2d 24) (1976).

The trial judge, after findings of fact, concluded that there were material changes in circumstances affecting the welfare of the children so as to justify a redetermination of custody, awarding both children to the appellee upon the following condition: "(a) The

Department of Family & Children Services is to make a final report on this change of custody matter to this court on or before the 30th day of December, 1977. If the Department makes a finding that there has been a stabilization of the emotional environment and psychological adjustments of the parties, this order shall thereupon, and without further order, become permanent. In the event that said Department shall not so find it is ordered that this case shall be scheduled for a rehearing and re-evaluation. . .”

We find sufficient admissible evidence in the transcript to support the conclusion reached. The attempted temporary portions of the judge's order should be considered in light of our holding in *Martin v. Hendon*, 224 Ga. 221 (1) (160 SE2d 893).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 11, 1977 — DECIDED JUNE 8, 1977.

*Claude E. Hambrick*, for appellant.

*Nall, Miller & Cadenhead, Emily S. Read, A. Paul Cadenhead*, for appellee.