## 35089. PADGETT v. LAEL et al.

MARSHALL, Justice.

The appellant mother appeals from the denial of her petition, by which she sought to obtain the custody of her minor child, who was in the custody of the appellee paternal grandparents, and to hold the appellees in contempt of court for failure to comply with the visitation provisions of a court order. Finding no error, we affirm.

1. " 'Where a third party has been awarded permanent custody of a child, a parent may obtain custody as in *Robinson v. Ashmore,* [232 Ga. 498 (207 SE2d 484) (1974)]. . . by showing a change of conditions affecting the welfare of the child. . . ' *Gazaway v. Brackett,* 241 Ga. 127,

[129 (244 SE2d 238) (1978)]." *Higbee v. Tuck,* 242 Ga. 376 (2) (249 SE2d 62) (1978). As was found by the trial court, the primary change of condition demonstrated by the appellant is that she has married a man who was divorced at the time of his present marriage, had been married twice previously, has a net income of $170 per week, and is not adequately supporting his own children by a prior marriage because of his allegedly insufficient income.

The appellant contends that the trial court did not consider or properly weigh the evidence that the appellees tell the eight-year-old child that they are her parents and that their mother is just a friend, and that they intend to wait until the child is 11 years old before they tell her the truth. This type of behavior has been held to be a ground for change of custody. See, e. g., *Hight v. Butler,* 230 Ga. 533 (1) (198 SE2d 169) (1973) and cits. However, this was just one factor out of the totality of circumstances which the trial court should and did consider. Furthermore, as the trial court found, this was not a changed condition, but a pre-existing one. The denial of change of custody was authorized by evidence, and hence was not an abuse of discretion.

2. The trial court did not err in finding no wilful contempt in denying visitation rights where the evidence showed, inter alia, that the appellant had moved her residence from the one at which visitation had been approved by the previous order. The appellees were entitled to rely on the visitation provisions of that order until they were modified by the court in this contempt proceeding, as authorized by *Sampson v. Sampson,* 240 Ga. 118 (239 SE2d 519) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 22, 1979 — DECIDED SEPTEMBER 7, 1979.

*Torin D. Togut,* for appellant.
*Joseph E. Cheeley,* for appellees.