## 62080. APPLEBAUM v. HAMES.

SHULMAN, Presiding Judge.

Appellant-mother and appellee-father were divorced in January of 1979, at which time appellant was given custody of the couple's younger son and appellee custody of the older son. In June 1980, after appellant petitioned for custody of the older child and appellee counterclaimed, the trial court awarded custody of both children to appellee. In October 1980, appellant again petitioned the court to modify the custody award. That petition was denied after the trial court determined that, although the children were in need of Jewish religious instruction, there had been no material change in the

conditions and circumstances surrounding the children to warrant modification of the custody award. This court granted appellant's application for discretionary appeal. Appellant maintains that the trial court erred when it failed to find that the lack of Jewish religious instruction to the children constituted a material change in circumstances upon which a modification of the custody award could be based. See Code Ann. § 74-107 (b). We affirm.

In a hearing held pursuant to appellant's petition, it was shown that both appellant and appellee had been born into the Jewish faith but had not raised their sons in that religion. It was also shown that, subsequent to the June 1980 custody award to appellee, appellant had married a man of the Jewish faith and had begun to take the children to Jewish services on the weekends they visited her in Dalton. A rabbi testified to the boys' lack of knowledge of Jewish practices and tradition and admitted that there were at least three synagogues in Chattanooga, where the children presently reside with their father.

When a petition has been filed for modification of a custody award, the determination to be made is whether there has been, since the rendition of a former final custody judgment, such a change in the conditions affecting the best interests of the child as will warrant the issuance of a new judgment. That determination is essentially a fact question to be decided by the trial judge and, if there is reasonable evidence in the record supporting the trial court's decision in changing or refusing to change custody or visitation rights, that decision will be affirmed on appeal. *Crumbley v. Stewart,* 238 Ga. 169, 170 (231 SE2d 772). It is evident from what is said in *Crumbley* and in *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484), that the "changed conditions" must be "material" in order to authorize a modification of the custody award. See *Nodvin v. Nodvin,* 235 Ga. 708 (221 SE2d 404). Since the boys were not brought up in the Jewish faith, appellee's failure to educate them presently in that religion is not a changed condition upon which a modification of the custody award could be based, but a preexisting condition. See *Padgett v. Lael,* 244 Ga. 180 (1) (259 SE2d 441). Furthermore, the trial court would have been remiss if it had awarded custody of the children to appellant solely on the ground that she would provide them with Judaic training. In the absence of an agreement to the contrary, it is up to the custodial parent to determine the religious training the children are to receive. See 67A CJS 194, Parent and Child, § 14; *Bisno v. Bisno,* 238 Ga. 328, fn. 1 (232 SE2d 921). Once custody has been awarded, courts should be loath to interfere with the religious training sanctioned by the custodian, since no end of difficulties would arise if judges sought to prescribe or proscribe the selection of a religious

faith made by a custodial parent. Wojnarowicz v. Wojnarowicz, 48 N. J. Super. 349 (137 A2d 618).

Appellant maintains that the trial court's refusal to modify the custody award is inconsistent with its finding that the children are in need of instruction in the Jewish faith. The trial court's finding accurately reflects the testimony given at the hearing and only indicates the court's feeling that the children should be exposed to Jewish religious training in the future. Appellant would have that finding given preeminence over all the other findings made by the trial court; however, the law requires that a modification of a custody award be based upon a material change in condition affecting the best interests of the children. See *Padgett v. Lael,* supra; *Crumbley v. Stewart,* supra; *Robinson v. Ashmore,* supra. The trial court specifically addressed this latter issue in its findings and concluded that no such change had occurred. Since there is "reasonable evidence" contained in the record to support the trial court's denial of appellant's motion to modify the custody award, we affirm. *Crumbley v. Stewart,* supra.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 14, 1981.

*William Earl Glisson,* for appellant.
*Robert L. Collins, Jr.,* for appellee.