### S90A1679. STEWART v. STEWART.
(400 SE2d 622)

SMITH, Presiding Justice.

The appellee, Gail P. Stewart, sued the appellant, Robert W. Stewart for divorce in Cobb County. The complaint was filed in July 1989 and the appellant answered and counterclaimed in August 1989 seeking a jury trial. On February 7, 1990 the trial court signed a consent order providing for a 90-day extension for additional discovery. Both parties treated the consent order as a continuance, until being notified on March 13, 1990 that the case was to be called the next day. The discovery order was never vacated. The appellee's attorney who practiced in Conyers, Georgia was able to appear. However, neither the appellant nor his attorney (who practiced in Macon, Georgia) were able to appear. Upon the non-appearance of the appellant, the appellee moved to strike the appellant's answer, counterclaim, and request for a jury trial. The trial court granted those motions and eventually awarded an uncontested divorce in favor of the appellee.

Subsequently, the appellant filed a motion to set aside the judgment on the grounds that he had relied upon the extension of discovery to continue the action until the extension expired. The trial court denied the motion, stating in its order that the consent order, "never served *any* purpose other than for extending discovery for ninety days." (Emphasis in original.) We reverse and remand for a new trial.

Under the facts of this case, the appellant was justified in relying on the written order granting the 90-day extension of discovery. The body of that order reads:

> Whereas the parties and counsel for the parties in this case have jointly consented to and request a 90-day extension of the period for discovery [:]
> It is hereby ordered and adjudged that the request of counsel and parties be hereby granted and the period for discovery shall be extended until 90 days from the date of this order.

Nowhere in the order is any language limiting the extension to any period prior to the expiration of the stated discovery. While Rule 5 of the Uniform Rules for the Superior Courts allows a subject court wide

discretion in a civil case to "extend, reopen, or shorten the time for discovery"; once a written order pertaining to discovery is issued, the parties may rely upon the order until such time that it is properly vacated.

> Once this written order was issued, the [appellant] had the right to rely on it unless and until it was vacated. The oral statement of the trial judge . . . could not have constituted such a vacation or modification of the written order.

*Pittman v. U. S. Shelter Corp.*, 150 Ga. App. 37, 38 (256 SE2d 646) (1979). Because the written order extending discovery was never properly vacated, there was a non-amendable defect on the face of the record and the trial court erred in denying the appellant's motion to set aside the judgment.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Thomas F. Jarriel,* for appellant.
*Harger W. Hoyt,* for appellee.