A98A1712. TURMAN v. BOLEMAN.
(510 SE2d 532)

BLACKBURN, Judge.

Sheila Mae Turman appeals from the denial of her motion to hold her ex-husband, Orville Joseph Boleman, in contempt for denying Turman visitation rights to their child. While the visitation provision was contrary to public policy and therefore unenforceable, its plain language did authorize Boleman's conduct and precluded a finding of contempt at this time. We affirm the trial court's denial of Turman's motion for contempt.

Turman and Boleman were divorced on November 13, 1996. Their settlement agreement, which was incorporated into the final judgment and decree, provided that Boleman would have custody of their minor child. The agreement gave Turman certain specified visitation rights away from the father's residence "on the condition [that] at no time shall [the child] be in the presence of William 'Larry' Little or any other African-American male except that [Turman] shall not be in contempt of court if she has casual contact with any African-American male other than William 'Larry' Little." After Turman married Kenneth Turman, an African-American male, Boleman refused to allow Turman to visit with the child away from Boleman's residence. Turman moved to hold Boleman in contempt for refusing to allow her to exercise her visitation rights. At the hearing on the contempt motion, Turman argued that the provision in the settlement agreement conditioning her visitation rights upon the child's having no contact with any African-American male was unenforceable.

The trial court improperly upheld the validity of the visitation provision which prohibited the child's contact with any African-American males. This provision is unenforceable as against public

policy. "The only authentic and admissible evidence of public policy of a State is its constitution, laws, and judicial decisions." *Mut. Life Ins. Co. v. Durden*, 9 Ga. App. 797, 800 (3) (72 SE 295) (1911). The visitation provision here violated the express public policy against racial classification and the public policy encouraging a child's contact with his noncustodial parent.

The visitation provision of the divorce decree sanctioned arbitrary racial classification in determining visitation rights in violation of the Equal Protection Clause of the state and federal constitutions. The trial court held that the provision was enforceable because it was a matter of private contract. However, after that private agreement was incorporated into the trial court's order, enforcing the private agreement became state action. "Private biases may be outside the reach of the law, but the law cannot, directly or indirectly, give them effect." *Palmore v. Sidoti*, 466 U. S. 429 (104 SC 1879, 80 LE2d 421) (1984). The courts of this State cannot sanction such blatant racial prejudice, especially where it also interferes with the rights of a child in the parent/child relationship.

The agreement between the parties clearly violated the State's public policy to promote the best interests of the child. "It is the express policy of this state to encourage that a minor child has continuing contact with parents and grandparents who have shown the ability to act in the best interest of the child and to encourage parents to share in the rights and responsibilities of raising their children after such parents have separated or dissolved their marriage." OCGA § 19-9-3 (d). Contrary to this policy, the agreement prevents the child from having contact with his natural mother solely on the basis of an arbitrary racial classification. Although a court may validly provide, under appropriate circumstances, that a child is to have no contact with particular individuals who are deemed harmful to the child, such provision cannot be based solely upon racial considerations, as such ruling violates the public policy of the State of Georgia.

The trial court properly found that Boleman was not in contempt of court at this time. "The trial court's discretion in [contempt] matters is broad[,] and its decision will be upheld if there is any evidence to support it." (Punctuation omitted.) *Dept. of Human Resources v. Cowan*, 220 Ga. App. 230, 232 (2) (469 SE2d 384) (1996). "To hold in contempt, the court must find that there was a wilful disobedience of the court's decree or judgment." *Beckham v. O'Brien*, 176 Ga. App. 518, 522 (336 SE2d 375) (1985). The trial court properly denied Turman's motion for contempt because Boleman never disobeyed the court's order. A decision of a trial court which is right for any reason will be affirmed. *Southern Electronics Distrib. v. Anderson*, 232 Ga. App. 648 (502 SE2d 257) (1998).

A party is entitled to rely on the plain terms of a court order until such provisions are modified by the court. *Padgett v. Lael*, 244 Ga. 180, 181 (2) (259 SE2d 441) (1979). Even where the terms of a court order are determined to be violative of public policy and thus unenforceable, reliance on the original terms will not support a contempt action prior to a judicial adjudication of such unenforceability. In this case, Boleman refused to allow visitation away from his residence after Turman married an African-American male. His actions did not violate the original terms of the divorce decree. Since there is no evidence of wilful disobedience of the terms of the decree, Boleman cannot be held in contempt. However, having found that the visitation provision is unenforceable, Boleman cannot in the future rely on the original provision in providing visitation privileges to Turman, as otherwise set forth in the agreement. The trial court's decision is affirmed.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 12, 1998.

*Law Offices of John F. Lyndon, Walter R. Finch III*, for appellant.
*Fitzpatrick & Camp, Barry L. Fitzpatrick*, for appellee.

