CAMPEN v. FEATHERSTONE

[150 N.C. App. 692 (2002)]

---

ELLEN CAMPEN (FEATHERSTONE), Plaintiff v. DOUGLAS FEATHERSTONE, Defendant

No. COA01-816

(Filed 18 June 2002)

### Child Support, Custody, and Visitation; Contempt— temporary child custody order—willfulness

The trial court did not err by denying defendant father's motion requesting that plaintiff mother be held in civil contempt under N.C.G.S. § 5A-21(a) of a 1992 child custody order granting defendant visitation privileges because: (1) plaintiff relied on a 1993 ex parte order which is a temporary child custody order governed by N.C.G.S. § 50-13.5(d)(2) and (3), and Chapter 50 does not limit the duration of a temporary custody order to a specific length of time nor does our case law establish a definite period of

viability for temporary custody orders; (2) even assuming arguendo that the ex parte order had expired, the trial court's order declining to hold plaintiff in contempt would still be proper since plaintiff had not willfully disobeyed the 1992 order given her reliance on the 1993 order which on its face purports to be a valid order and which clearly stated that defendant's visitation rights were suspended pending further order of the court; (3) irrespective of which party should appropriately be charged with the responsibility to seek modification of the ex parte order, or where the trial court placed this burden, it remains undisputed that neither party had sought to modify, appeal, vacate, or otherwise change the ex parte order; (4) the opinion of defendant's counsel that the order had expired does not constitute a ruling by the court on the issue and would not require plaintiff to abandon her reliance on what the trial court found to be an order that purports on its face to be valid; and (5) defendant's argument that the trial court should have considered plaintiff's own alleged violation of the 1993 order by allowing defendant's oldest daughter to live with him for a period of time is meritless as evidence of plaintiff's willful defiance of the 1992 custody order.

Appeal by defendant from order entered 25 April 2001 by Judge William C. Lawton in Wake County District Court. Heard in the Court of Appeals 27 March 2002.

*Howard, Stallings, From & Hutson, P.A., by Catherine C. McLamb, for plaintiff-appellee.*

*Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendant-appellant.*

BIGGS, Judge.

Defendant appeals from an order denying his motion requesting that plaintiff be held in contempt of a 1992 child custody order. For the reasons that follow, we affirm the trial court.

Plaintiff and defendant, formerly married, were divorced in 1991. Three daughters were born of the marriage, and in 1992 an order was entered granting plaintiff sole custody of the children and allowing defendant visitation rights. A year later, in 1993, plaintiff filed a motion to modify the custody order, seeking revocation of defendant's visitation privileges. Her motion was granted on 8 June 1993, in an *ex parte* order. The trial court found that: (1) defendant had

recently been charged with two counts of solicitation to commit murder of plaintiff and of her fiancée, and two counts of solicitation to commit burglary of plaintiff's home and of her family's home; (2) defendant would likely be released on bail; and (3) "[t]he defendant's disregard of and contempt for this Court's authority has been well documented in this cause." The trial court concluded that the welfare of plaintiff and of the children would be jeopardized and threatened if defendant were allowed visitation upon his release from custody, that circumstances justified entry of an *ex parte* order, and that the prior custody order should be modified. Accordingly, the trial court ordered that:

> The prior orders affording the defendant visitation with the parties' minor daughters [are] hereby modified, and the defendant shall have no right of visitation with the daughters pending further order of this Court.

In the fall of 1993, defendant was acquitted of the criminal charges referenced in the 1993 *ex parte* order. From 1993 to 1999, plaintiff denied defendant all visitation with the minor children. In 1999, plaintiff allowed the oldest daughter to reside with defendant during her senior year of high school; however, plaintiff informed defendant that she would continue to comply with the 1993 order that revoked defendant's visitation privileges. In December, 2000, plaintiff denied visitation between defendant and the younger two girls during their Christmas vacation, and stated that her refusal was based upon the 1993 order.

In January, 2001, defendant filed a motion to have plaintiff held in contempt of the visitation provisions in the original 1992 custody order. A show cause order was issued on 4 January 2001. On 25 April 2001, the trial court entered an order holding that plaintiff was not in contempt of the custody order of 1992. The trial court concluded that:

> . . . The Plaintiff has not willfully disobeyed the provisions of that order [1992 custody order] given her reliance upon the June 8, 1993 *ex parte* order terminating the Defendant's rights of visitation pending further orders of the Court. The June 8, 1993 Order on its face purports to be a valid Order. Furthermore, this June 8, 1993 order has never been modified, vacated, appealed or otherwise changed.

Defendant appeals from this order.

Civil contempt is the "[f]ailure to comply with an order of a court. . . ." N.C.G.S. § 5A-21(a) (2001). Proceedings for civil contempt are "initiated by motion of an aggrieved party, . . ." N.C.G.S. § 5A-23(a1) (2001), and a contempt hearing is conducted upon the "order of a judicial official directing the alleged contemnor to appear . . . and show cause why he should not be held in civil contempt." N.C.G.S. § 5A-23(a) (2001). " 'Although the statutes governing civil contempt do not expressly require willful conduct, . . . case law has interpreted the statutes to require an element of willfulness.' " To establish contempt of a court order, " 'the evidence must show that the person was guilty of 'knowledge and stubborn resistance' in order to support a finding of willful disobedience.' " *McKillop v. Onslow County*, 139 N.C. App. 53, 61-62, 532 S.E.2d 594, 600 (2000) (quoting *Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 290-91 (1997)). "Willfulness [is]: (1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so." *Sowers v. Toliver*, 150 N.C. App. 114, 118, —— S.E.2d ——, —— (7 May 2002).

On appeal, "[t]he standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Sharpe*, 127 N.C. App. at 709, 493 S.E.2d at 291. Further, "the [trial] judge's findings of fact are conclusive . . . [if] supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment." *Clark v. Clark*, 294 N.C. 554, 571, 243 S.E.2d 129, 139 (1978).

In the instant case, defendant presents three arguments in support of his contention that the trial court erred in failing to hold plaintiff in contempt: (1) the *ex parte* order upon which plaintiff relied had expired; (2) the trial court improperly placed the burden on defendant to vacate, modify or otherwise appeal the order, and; (3) plaintiff had specific notice that the 1993 order upon which she relied had expired. We disagree with defendant's contentions.

Defendant concedes that the trial court was authorized to enter the 1993 *ex parte* order revoking his visitation rights. *See* N.C.G.S. § 50-13.5(d)(2) (2001). However, defendant urges this Court to apply to the *ex parte* order the provisions of N.C.G.S. § 1A-1, Rule 65 (2001), which establish that a temporary restraining order expires automatically after ten days. We decline to do so. The 1993 *ex parte* order is not a temporary restraining order issued pursuant to Rule 65, and we conclude that Rule 65 has no application here. Rather, the

order is a temporary child custody order governed by N.C.G.S. § 50-13.5(d)(2) and (3) (2001). *See Clark*, 294 N.C. at 575-76, 243 S.E.2d at 142 ("[v]isitation privileges are but a lesser degree of custody"). Chapter 50 does not limit the duration of a temporary custody order to a specific length of time, such as ten days; nor does our case law establish a definite period of viability for temporary custody orders. *See generally, Cox v. Cox*, 133 N.C. App. 221, 515 S.E.2d 61 (1999). We conclude, therefore, that the *ex parte* order did not expire automatically upon the passage of ten days.

Moreover, even assuming, *arguendo*, that the *ex parte* order had expired, the trial court's order declining to hold plaintiff in contempt still would be proper. The trial court found that plaintiff had not willfully disobeyed the 1992 order, given that she was relying on the 8 June 1993 order which "on its face purports to be a valid order," and which clearly stated that defendant's visitation rights were suspended "pending further order of the Court." Under these circumstances, plaintiff's reliance upon the 1993 order was justified, and the mere possibility, that a reviewing court might have vacated the 1993 order if defendant had appealed it, does not render plaintiff's reliance upon the 1993 order contemptuous. This assignment of error is overruled.

Defendant next argues that the trial court incorrectly assigned to him the burden of seeking to alter the 1993 order. We conclude that this issue is not germane to the question of whether the trial court erred by declining to hold plaintiff in contempt. Irrespective of which party should appropriately be charged with the responsibility to seek modification of the *ex parte* order, or where the trial court placed this burden, it remains undisputed that neither party had sought to "modify, appeal, vacate, or otherwise change" the *ex parte* order. The order thus remained facially valid, and plaintiff's reliance upon it defensible. "A party is entitled to rely on the plain terms of a court order until such provisions are modified by the court. Even where the terms of a court order are determined to be violative of public policy and thus unenforceable, reliance on the original terms will not support a contempt action prior to a judicial adjudication of such unenforceability." *Turman v. Boleman*, 235 Ga. App. 243, 245, 510 S.E.2d 532, 534 (1998) (citations omitted). This assignment of error is overruled.

Finally, defendant argues that plaintiff's willful defiance of the trial court's 1992 custody order is demonstrated by her continued reliance upon the 1993 *ex parte* order even after she "was informed" that it was invalid. This argument is unavailing; the record establishes

that the validity of the 1993 order has never been addressed by any court, and that it was defendant's attorney who "informed" plaintiff that the order was invalid. The opinion of defendant's counsel, that the order had expired, does not constitute a ruling by the court on the issue, and would not require plaintiff to abandon her reliance on what the trial court found to be "an order that purports on its face to be valid."

We also reject as meritless defendant's argument that the trial court should have considered plaintiff's own alleged violation of the 1993 order, in allowing defendant's oldest daughter to live with him for a period of time, as evidence of her willful defiance of the 1992 custody order.

We conclude that the trial court's findings of fact are supported by the record, and that the findings support its conclusion that, by virtue of her reliance upon the 1993 *ex parte* order, plaintiff was not in contempt of the 1992 custody order. Further, although we recognize the importance of preserving a parent's right to visit with his child, in the case *sub judice*, visitation issues would more appropriately have been addressed through a motion to modify, vacate, or appeal the 1993 order. Accordingly, we affirm the trial court.

Affirmed.

Judges WYNN and McCULLOUGH concur.