DILLON, Judge.
 

 *477
 
 Plaintiff Kristie Lea Williams appeals the trial court's contempt order entered 3 December 2015. For the following reasons, we reverse.
 

 I. Background
 

 Plaintiff and Defendant James Marion Chaney, Jr., have been engaged in a protracted child custody battle for over a decade.
 
 [1]
 
 At present, Defendant has primary legal and physical custody of the child, and Plaintiff has certain visitation rights.
 

 In May 2015, the trial court entered an order which modified Plaintiff's visitation and directed Plaintiff not to make derogatory statements about the child or the child's family members. On 3 December 2015, the trial court entered an order finding Plaintiff in contempt of the May 2015 order due to Plaintiff's Facebook group page post, and directed Plaintiff to pay attorney's fees. Forty-two days later, on 14 January 2016, Plaintiff filed
 
 *209
 
 her notice of appeal from the contempt order.
 

 II. Appellate Jurisdiction
 

 Defendant has filed motions to dismiss Plaintiff's appeal, contending, in pertinent part, that Plaintiff's notice of appeal and her petition to appeal as an indigent were untimely. Plaintiff avers that she was not
 
 *478
 

 served
 
 with the contempt order until two weeks after it was entered, and that she filed her notice of appeal and indigent affidavit within thirty days of service.
 

 Failure to timely file a notice of appeal as required by our Rules of Appellate Procedure "mandates dismissal of an appeal."
 
 Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 197,
 
 657 S.E.2d 361
 
 , 365 (2008) (internal quotation marks omitted). Similarly, failure to timely file a petition to appeal as an indigent is fatal.
 
 See
 

 Anderson v. Worthington
 
 ,
 
 238 N.C. 577
 
 , 578,
 
 78 S.E.2d 333
 
 , 333 (1953) (holding that compliance with
 
 N.C. Gen. Stat. § 1-288
 
 is "mandatory and jurisdictional in character").
 

 While it is unclear from the record whether this Court has jurisdiction to review Plaintiff's appeal, we exercise our "authority pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) to treat the purported appeal as a petition for writ of certiorari,"
 
 Luther v. Seawell
 
 ,
 
 191 N.C.App. 139
 
 , 142,
 
 662 S.E.2d 1
 
 , 3 (2008) (internal quotation marks omitted), and grant certiorari due to Plaintiff's seeming failure to take timely action.
 
 See
 
 N.C. R. App. P. 21(a)(1).
 

 III. Standard of Review
 

 When reviewing a contempt order, our inquiry is "limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law."
 
 Shippen v. Shippen
 
 ,
 
 204 N.C.App. 188
 
 , 189,
 
 693 S.E.2d 240
 
 , 243 (2010) (internal quotation marks omitted). "In contempt proceedings the judge's findings of fact are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment."
 
 Clark v. Clark
 
 ,
 
 294 N.C. 554
 
 , 571,
 
 243 S.E.2d 129
 
 , 139 (1978).
 

 IV. Analysis
 

 Plaintiff argues that the finding of contempt in the contempt order should be reversed. She also argues that the award of attorney's fees in the contempt order should be reversed. We address each argument in turn.
 

 A. Finding of Contempt Was Improper
 

 In the contempt order, the trial court held Plaintiff in contempt of the May 2015 order. In pertinent part, the May 2015 order states as follows:
 

 *479
 
 The Plaintiff/Mother shall not intimidate the child or make any derogatory statements about the child or any of the child's family members.
 

 The trial court held Plaintiff in contempt of this May 2015 order for posting certain comments on the Facebook page for her child's football team. These comments appear to express her frustration about missing a football game due to Defendant, the team's coach, allegedly failing to provide the correct information about the team's schedule. Specifically, she posted the following:
 

 I was confused as well because the calendar on the website for the school athletic department and the schedule that was handed out all said they had a JV game at Bessemer City and there was nothing anywhere on the school website that said it changed. Also, there was no mention in any of these places of the game they played during their Bye/Open week. Needless to say we missed getting to attend the Bye/Week game at Stuart Cramer due to not knowing. Then after me having cancer surgery on my upper leg and stiches we fought rush hour traffic to get over to Bessemer City for the JV game last Thursday night only to find out upon arrival there was no JV game, they haven't had a JV team for 2 years.
 

 My son's father James Chaney is a coach on the team and he did not inform me of either of the above changes. Very upset how I am attempting to rely on correct information being posted and the coaching staff communicating responsibly to all parents, divorced or not. I was in so much pain and traveled from SC to see that
 

 *210
 

 game and wasted all that gas and it could have been avoided with communication. I hope going further the information posted is accurate and the coaching staff is held to a[n] ethical standard of communicating with all parents or they should not be on the staff to use it as a way to keep a parent from participating/watching their child at a sporting event.
 

 (alterations in original).
 

 The May 2015 order does not expressly prohibit Plaintiff from publishing such comments on Facebook. In the contempt order, the trial court interpreted the May 2015 order to prohibit such comments. However, the trial court admits in the contempt order that the prior May
 
 *480
 
 2015 order was not "artfully drawn" and that it was putting Plaintiff "on notice that the prohibition of the May 15, 2015 Order clearly covers communications in such a forum as the Facebook[.]"
 

 We hold that the trial court did not err in its interpretation of its prior May 2015 order. It is certainly appropriate for a trial court to clarify its prior orders, and we are mindful that we must give at least some deference to the trial court's interpretation of its orders.
 
 Blevins v. Welch
 
 ,
 
 137 N.C.App. 98
 
 , 102,
 
 527 S.E.2d 667
 
 , 671 (2000).
 

 However, to be held
 
 in contempt
 
 for violating the May 2015 order, it must be shown that Plaintiff's violation of the May 2015 order was willful. N.C. Gen. Stat. § 5A-21(a)(2a) (2013) (stating that a court may enter a finding of contempt only if "[t]he noncompliance by the person to whom the order is directed is willful"). For contempt purposes, a party's noncompliance is willful if there is both "
 
 knowledge
 
 and
 
 a stubborn resistance
 
 " of a trial court directive.
 
 Mauney v. Mauney
 
 ,
 
 268 N.C. 254
 
 , 268,
 
 150 S.E.2d 391
 
 , 393 (1966) (emphasis added).
 
 See also
 

 Campen v. Featherstone
 
 ,
 
 150 N.C.App. 692
 
 , 695,
 
 564 S.E.2d 616
 
 , 618 (2002) (restating same general principle). However, "[i]f the prior order is
 
 ambiguous
 
 such that a defendant could not understand his respective rights and obligations under that order, he cannot be said to have
 
 knowledge
 
 of that order for purposes of contempt proceedings."
 
 Blevins
 
 ,
 
 137 N.C.App. at 103
 
 ,
 
 527 S.E.2d at 671
 
 (emphasis added) (internal quotation marks omitted).
 

 We hold that it is ambiguous whether the language of the May 2015 order proscribed Plaintiff's conduct. Accordingly, it cannot be said that her actions were willful; and, therefore, it was error for the trial court to find her in contempt of the May 2015 order. Of course, now that the contempt order has put Plaintiff on notice by clarifying the May 2015 order, Plaintiff may be held in contempt if she makes a similar posting in the future.
 

 B. The Trial Court's Award of Attorney's Fees Was Erroneous
 

 Absent statutory authority, "[t]he general rule ... is that counsel fees are not allowed as a part of the costs in civil actions or special proceedings."
 
 Bowman v. Comfort Chair Co.
 
 ,
 
 271 N.C. 702
 
 , 704,
 
 157 S.E.2d 378
 
 , 379 (1967). N.C. Gen Stat. § 50-13.6 permits the recovery of attorney's fees in custody proceedings if the following applies:
 

 [T]he court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense
 
 *481
 
 of the suit. Before ordering payment of a fee in a support action, the court
 
 must find as a fact
 
 that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however,
 
 should
 
 the court
 
 find as a fact
 
 that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.
 

 N.C. Gen. Stat. § 50-13.6
 
 (2013) (emphasis added).
 

 This action was initiated by Plaintiff in 2001 to obtain custody and child support. The May 2015 order, however, contained no findings of fact indicating that the action was frivolous or, alternatively, that (1) Defendant was acting in good faith; and (2) Defendant did "not have sufficient means to defray the costs and expenses of this matter."
 

 *211
 

 Wiggins v. Bright
 
 ,
 
 198 N.C.App. 692
 
 , 696,
 
 679 S.E.2d 874
 
 , 877 (2009). Indeed, the May 2015 order contained no information as to the authority on which the trial court was relying in awarding attorney's fees. Under these circumstances, the trial court's award of attorney's fees was erroneous.
 

 V. Conclusion
 

 For the foregoing reasons, we reverse the finding of contempt and award of attorney's fees in the contempt order. We remand this matter back to the trial court for further proceedings not inconsistent with this opinion. As we find that Plaintiff's noncompliance with the May 2015 order was not willful, we need not address Plaintiff's remaining arguments.
 

 REVERSED.
 

 Judges BRYANT and STEPHENS concur.
 

 [1]
 

 This appeal marks the fourth in this matter.
 
 See
 

 Williams v. Chaney
 
 , No. COA 10-1278,
 
 212 N.C.App. 694
 
 ,
 
 2011 WL 2448950
 
 (N.C. Ct. App. June 21, 2011) ;
 
 Williams v. Chaney
 
 , No. COA11-164,
 
 213 N.C.App. 425
 
 ,
 
 2011 WL 2848846
 
 (N.C. Ct. App. July 19, 2011) ;
 
 Williams v. Chaney
 
 , --- N.C. App. ----,
 
 782 S.E.2d 122
 
 (2016) (unpublished).