IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2017

## WILLIAM AUGUST LOCKLER, III v. PAMELA MICHELLE BARR LOCKLER

**Appeal from the Circuit Court for Washington County**
**No. 24931     J. Eddie Lauderback, Judge**

_____

**No. E2016-02308-COA-R3-CV**

_____

This case involves the interpretation of a divorce judgment.  William August Lockler, III, and Pamela Michelle Barr Lockler were married on January 3, 2002, and divorced on September 6, 2007.  In its judgment, the original trial judge, the Honorable Jean A. Stanley, ordered that "If [wife] is entitled under federal law to receive any portion of [husband's] military retirement benefits[,] then she is awarded one-half (1/2) of those benefits earned during the parties' marriage."  After husband retired from military service in December 2014, wife filed a petition on February 20, 2015 to reopen the divorce judgment.  She sought one-half of husband's military retirement that had accrued during their marriage.  The trial court granted wife's petition, holding that Judge Stanley awarded wife a portion of husband's military retirement benefits.  Husband appeals, arguing that wife is not entitled to a portion of his benefits because she is only eligible to receive the benefits under federal law and does not have a *right* to them.  We hold that the trial court correctly concluded that the original trial judge intended to award wife one-half of husband's military retirement that accrued during their marriage.  Accordingly, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, William August Lockler, III.

1

Patrick B. Slaughter, Knoxville, Tennessee, for the appellee, Pamela Michelle Barr Lockler.

## OPINION

## I.

The parties separated in October 2005. Husband later filed a complaint for divorce. Wife answered and filed a counterclaim. Wife later filed a Rule 9[1] suggestion of equitable settlement, requesting one-half of husband's military retirement that had accrued during their marriage. Husband filed his own Rule 9 suggestion, asserting that he and wife had not been married long enough for wife to receive a portion of his military retirement and that he should be able to retain his retirement pay free and clear of any claim by her.

Following a hearing on September 6, 2007, Judge Stanley entered a judgment on October 15, 2007. She granted the parties a divorce and addressed issues pertaining to the parties' child, alimony, attorney's fees, and a division of the parties' property. As pertinent to the issue on appeal, the judgment provides as follows:

> If [wife] is entitled under federal law to receive any portion of [husband's] military retirement benefits[,] then she is awarded one-half (1/2) of those benefits earned during the parties' marriage.

Husband retired from the Army in December 2014 after twenty-two years and seven months of service. Wife then filed a petition on February 20, 2015 to reopen the original judgment, seeking one-half of husband's military retirement pay that accrued during their marriage. Husband then answered, asserting that wife was not entitled to any of his military retirement under federal law. In a memorandum supporting her claim, wife argued that the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (USFSPA) allowed the division of military retirement pay as marital property and that Tenn. Code Ann. § 36-4-121 and case law allowed Judge Stanley to divide husband's military retirement pay as a part of an equitable settlement of marital property. Husband responded with his own memorandum, asserting, among other things, that wife was *allowed*, but not *entitled*, to receive a portion of his military retirement pay under federal law.

---

[1]Rule 9, Local Rules of First Judicial District.

Judge J. Eddie Lauderback[2] heard wife's petition and entered an order granting wife's petition. Judge Lauderback found that Judge Stanley

> must have intended to award the [w]ife a portion of the [h]usband's military retirement benefits[,] since the sentence was in the [j]udgment in the first place: "If the [w]ife is entitled under federal law . . . ." [A]nd while . . . the specific sentence in question was confusing, the trial court must have meant that when the [h]usband was eligible to receive military benefits, and if the [w]ife then was also eligible[,] then she would receive one-half of those benefits.

Husband timely filed a notice of appeal.

## II.

The issue presented is whether a judgment stating "[i]f [wife] is entitled under federal law to receive any portion of [husband's] military retirement benefits[,] then she is awarded one-half (1/2) of those benefits earned during the parties' marriage" means that wife must have a *legal right* to a portion of husband's military retirement pay under federal law or only that wife must be *eligible* to receive a portion of husband's military retirement under federal law.

## III.

Interpretation of a judgment is a question of law, which we review de novo with no presumption of correctness. *Young v. Young*, No. W2014-02006-COA-R3-CV, 2015 WL 832511, at *6 (Tenn. Ct. App., filed Feb. 26, 2015) (citing *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006); *Pruitt v. Pruitt*, 293 S.W.3d 537, 544 (Tenn. Ct. App. 2008)). Judgments are construed like other written instruments, with "the determinative factor being the intention of the court as gathered from all parts of the judgment." *Young*, 2015 WL 832511, at *6 (citing *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 356 n.19 (Tenn. 2008); *Stidham v. Fickle Heirs*, 643 S.W.2d 324, 328 (Tenn. 1982)). Courts should construe the language in an order based on its usual, natural, and ordinary meaning. *Konvalinka*, 249 S.W.3d at 359 (citing *Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co.*, 160 S.W.3d 521, 526 (Tenn. 2005); *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889–90 (Tenn. 2002)). "Litigants are entitled to rely on the reasonable interpretation of orders, and the use of the 'plain and ordinary meaning' standard to interpret orders assures that litigants will be treated fairly." *Id.* at 359 (citing *Turman v. Boleman*, 510 S.E.2d 532,

---

[2]The record does not reflect how Judge Lauderback was assigned to hear wife's petition.

534 (Ga. Ct. App. 1998); *Campen v. Featherstone*, 564 S.E.2d 616, 619 (N.C. Ct. App. 2002); *State v. Phillips*, 138 S.W.3d 224, 229–30 (Tenn. Ct. App. 2003)). We attempt to construe judgments in a way that "will give force and effect to every word of it, if possible, and make its several parts consistent, effective and reasonable." *Young*, 2015 WL 832511, at *6 (citing *Blue Cross-Blue Shield of Tenn. v. Eddins*, 516 S.W.2d 76, 78 (Tenn. 1974); *Branch v. Branch*, 249 S.W.2d 581, 582–83 (Tenn. Ct. App. 1952)). However,

> [w]hen an order or judgment permits more than one interpretation, it should be construed with reference to the issues it was meant to decide and should be interpreted in light of the context in which it was entered, as well as the other parts of the record, including the pleadings, motions, issues before the court, and arguments of counsel.
>
> Court orders and judgments, like other documents, often speak as clearly through implication as they do through express statements. Accordingly, when construing orders and judgments, effect must be given to that which is clearly implied, as well as to that which is expressly stated.

*Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013) (citations omitted). Trial courts are generally in the best position to interpret and construe their own judgments, even when the judge "has no independent memory of the proceedings in a cause of action." *Young*, 2015 WL 832511, at *6 (citing *Sharp v. Stevenson*, No. W2009-00096-COA-R3-CV, 2010 WL 786006, at *5 (Tenn. Ct. App., filed Mar. 10, 2010)).

## IV.

The parties do not dispute that under both federal and state law, wife is allowed to receive military retirement pay in a judgment for divorce by a state court. The USFSPA permits state courts to divide a military retiree's "disposable retired pay" as property in a divorce proceeding. *Collins v. Collins*, No. M2014-02417-COA-R3-CV, 2016 WL 4132400, at *3 (Tenn. Ct. App., filed Aug. 1, 2016). Disposable retired pay means "the total monthly retired pay to which a member is entitled," including cost-of-living adjustments, minus certain debts, deductions, and disability payments. 10 U.S.C. § 1408(a)(4). However, the USFSPA does not "create any right, title, or interest which can be sold, assigned, transferred, or otherwise disposed of (including by inheritance) by a spouse or former spouse." 10 U.S.C. § 1408(c)(2). Under Tennessee law, vested and unvested pension rights that accrued during a marriage are marital property, and "military retired pay is marital property subject to equitable distribution." *Gonzalez v. Gonzalez*, No. M2008-01743-COA-R3-CV, 2011 WL 221888, at *2 (Tenn. Ct. App., filed Jan. 24,

2011) (quoting **Johnson v. Johnson**, 37 S.W.3d 892, 895 (Tenn. 2001)) (citing Tenn. Code Ann. § 36–4–121(b)(1)(B)). "Pension rights are property because they are a form of deferred compensation for work already performed." **Kendrick v. Kendrick**, 902 S.W.2d 918, 920 (Tenn. Ct. App. 1994).

The dispute in this case is centered around the meaning of the word "entitled" in Judge Stanley's judgment. Husband argues that entitled means wife must have a *right* to the funds under federal law. He asserts that Judge Stanley knew wife was not entitled to the funds at trial and intended to create a contingency in case federal law changed. Wife argues that entitled only means she is allowed or eligible to receive the funds under federal law. Black's Law Dictionary defines "entitle" as "[t]o grant a legal right to *or qualify for*." *Black's Law Dictionary* 612 (9th ed. 2009) (emphasis added). We hold this definition indicates that "entitled" could mean either a legal right to receive the retirement pay *or* that wife qualifies to receive the retirement pay under federal law.

After reviewing the record in this case, we hold that the trial court correctly held that Judge Stanley's judgment intended to award wife one-half of husband's military retirement pay that accrued during their marriage. As husband and wife's dispute demonstrates, the language of Judge Stanley's judgment stating "[i]f [wife] is entitled under federal law to receive any portion of [husband's] military retirement benefits" permits more than one interpretation. As a result, we look to the entire record to determine the intention of the court. *See* **Morgan Keegan**, 401 S.W.3d at 608. Prior to Judge Stanley entering her divorce judgment, both husband and wife filed suggestions of equitable settlement. Wife requested one-half of husband's military retirement pay that accrued during their marriage, while husband requested that wife not receive one-half of his military retirement pay. Based on these requests, it is clear that Judge Stanley intended to grant wife's request, not husband's. Had the court intended to prevent wife from receiving a portion of husband's military retirement pay, it could have easily issued a judgment stating that wife would not receive any portion of husband's military retirement that accrued during their marriage or that each party would retain their retirement benefits free and clear of any claim from the other party, as husband suggested in his Rule 9 suggestion of equitable settlement. Husband essentially asks this court to hold that Judge Stanley effectively stated in her judgment that "Wife will *not* receive one-half of Husband's military retirement pay unless federal law requires otherwise." This we decline to do because, as previously discussed in this opinion, we do not believe this was Judge Stanley's intention.

## V.

In conclusion, we hold that Judge Stanley's judgment granted wife one-half of husband's military retirement that accrued during their marriage. The judgment of the

trial court is affirmed. Costs on appeal are assessed to the appellant, William August Lockler, III. Case remanded for enforcement of wife's entitlement to one-half of husband's military retirement benefits accrued during the marriage and for collection of costs assessed in the trial court.


_____
CHARLES D. SUSANO, JR., JUDGE