FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.

NOTICE: Motions for reconsideration must be physically received in
our clerk's office within ten days of the date of decision to be deemed
timely filed.
    https://www.gaappeals.us/rules-1-8/

October 12, 2023

# In the Court of Appeals of Georgia

A23A0935. SURRATT v. METROPOLITAN ATLANTA RAPID
    TRANSIT AUTHORITY.

MARKLE, Judge.

Donna Surratt appeals from the trial court's order dismissing her personal injury complaint against the Metropolitan Atlanta Rapid Transit Authority (MARTA) on the ground that she failed to show she exercised diligence in perfecting service after the statute of limitations had run. Because we conclude that the trial court did not abuse its discretion, we affirm.

We review the trial court's ruling that a plaintiff failed to act diligently to perfect service for abuse of discretion. *UHS of Peachford v. Brady*, 361 Ga. App. 290, 291-292 (864 SE2d 129) (2021); see also *Swain v. Thompson*, 281 Ga. 30, 32 (635

SE2d 779) (2006) ("the question of whether Swain exercised proper diligence . . . was one for the trial court's discretion, which will not be disturbed absent abuse.").

So viewed, the record shows that Surratt filed her complaint against MARTA on November 10, 2021, one day before the statute of limitations expired. See OCGA § 9-3-33. Although she identified the registered agent by name and address in the complaint, she did not serve MARTA at that time, and in fact did not serve it over the next three months.

On February 8, 2022, the trial court sua sponte issued an "order requiring service," directing Surratt to perfect service within 30 days; otherwise, the court would dismiss the case for failure to prosecute. On March 2, 2022, within the court's deadline, Surratt served MARTA.

Thereafter, MARTA filed a special appearance answer and motion to dismiss on the ground that the statute of limitations had run since the filing of the complaint, and Surratt had not acted diligently to perfect service. The trial court ultimately agreed, and dismissed the complaint, noting that Surratt had offered no explanation or any evidence to show her diligence in perfecting service during the nearly four-month period after she filed her complaint. Surratt now appeals.

It is well-settled that

[a]lthough a plaintiff must file [her] complaint within the applicable period of limitation, the law allows the same to be served beyond that applicable period. If the timely filing of the pleading is followed by timely service perfected as authorized by law, the subsequent service will relate back to the initial filing even though the statute of limitation has run in the interim. . . . [But] the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service.

(Citations and punctuation omitted.) *Van Omen v. Lopresti*, 357 Ga. App. 9, 10-11 (2) (849 SE2d 758) (2020); see also *McFadden v. Brigham*, 358 Ga. App. 400, 402 (855 SE2d 409) (2021). The burden was on Surratt to show that she acted diligently.[1] *UHS of Peachford*, 361 Ga. App. at 291. And, when a trial court evaluates a plaintiff's diligence, it considers all the facts. See id. at 292 ("Peachford Hospital's identity and address for service were no mystery to Brady[.]"); *Parker v. Silviano*, 284 Ga. App. 278, 279 (1) (643 SE2d 819) (2007).

Here, the record reflects that Surratt made no attempts whatsoever to perfect service on a corporate defendant whose place of business and registered agent were

---

[1] The dissent argues that Surrat was entitled to rely on the trial court's order under *Stewart v. Stewart*, 260 Ga. 812, 813 (400 SE2d 622) (1991). But that case is distinguishable, as it did not involve a court order extending a statutory limitation period. Cf. *Perry v. Paul Hastings, LLP*, 362 Ga. App. 140 (866 SE2d 855) (2021) (although court of appeals granted second extension in which to file notice of appeal, court lacked authority to do so under statute, and thus appeal was dismissed despite court's order granting second extension).

3

readily discernable and easily located until she was directed to do so by the court.[2]

And, as the trial court noted, by the time the trial court issued its dismissal order, *four months* had passed since the filing of the complaint. At no time has Surratt offered *any* explanation for the delay, nor has she shown any attempt to act diligently either before or after the trial court's order to perfect service.[3] See *Parker*, 284 Ga. App. at 279-280 (1) (trial court did not abuse its discretion in dismissing complaint where defendant was not served until 18 days after the filing of the complaint and 10 days after the statute of limitation expired, and plaintiff failed to account for the delay); *Scott v. Taylor*, 234 Ga. App. 543 (507 SE2d 798) (1998) (plaintiff failed to show diligence when he took no action to serve defendant for 32 days after statute of limitation expired). The record, therefore, supports the trial court's conclusion that Surratt failed to act with diligence.[4] Accordingly, we must affirm the dismissal of her

[2] In reaching this conclusion, we do not intend to suggest that a party can *never* rely on a trial court's order. See, e.g., *Ford v. Carter*, 357 Ga. App. 891, 892-893, n. 2 (852 SE2d 596) (2020) (holding that the parties were entitled to rely on the trial court's order adopting a proposed scheduling order, which permitted a party to file its response to a motion to dismiss outside the time period set by the Uniform Superior Court Rules); but see *Perry v. Paul Hastings, LLP*, 362 Ga. App. 140 (866 SE2d 855) (2021) (although court of appeals granted second extension in which to file notice of appeal, court lacked authority to do so under statute, and thus notice of appeal was untimely and appeal was dismissed despite court's order granting second extension).

[4] Surratt contends that she acted diligently because she perfected service within the time specified in the trial court's order. But, the trial court's order warned Surratt that her complaint

4

complaint.[5] *UHS of Peachford*, 361 Ga. App. at 291; see also *Swain*, 281 Ga. at 32 (2) ("the high regard in which appellate courts hold the exercise of discretion by trial courts dictate that we uphold the trial court's determination that the failure to effect timely service of appropriate process in this case requires dismissal[.]").

*Judgment affirmed. Brown, J., concurs. McFadden, P. J., dissents.*

---

would be dismissed *for failure to prosecute* if she did not perfect service by the deadline. This is a different question than whether a plaintiff acted diligently to perfect service after the statute of limitations expired. Compare OCGA § 9-11-41 (b) (providing for involuntary dismissal for failure to prosecute), with OCGA § 9-11-12 (b) (5) (providing a defense for insufficient service of process).

[5] Prior to the dismissal of her complaint, and having ultimately obtained service on MARTA, albeit untimely, Surratt could have availed herself of the remedy provided by OCGA § 9-2-61 (a), by voluntarily dismissing the complaint and refiling it within six months. See *Hobbs v. Arthur*, 264 Ga. 359, 360-361 (444 SE2d 322) (1994) ("inasmuch as diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action.").

# In the Court of Appeals of Georgia

A23A0935. SURRATT v. METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY.

MCFADDEN, Presiding Judge, dissenting.

The trial court's sua sponte order stated that "Plaintiff shall have thirty (30) days from the entry of this order to perfect service." Surratt perfected service within those 30 days. "Once this written order was issued, [Surratt] had the right to rely on it unless and until it was vacated." *Stewart v. Stewart*, 260 Ga. 812, 813 (400 SE2d 622) (1991) (citation and punctuation omitted). Accord *Padgett v. Lael*, 244 Ga. 180, 181 (2) (259 SE2d 441) (1979); *Brown v. Brown*, 359 Ga. App. 511, 520 (857 SE2d 505) (2021) ("[A] party is entitled to rely on the plain terms of a court order until such

provisions are modified by the court.") (citation and punctuation omitted); *Ford v. Carter*, 357 Ga. App. 891 (852 SE2d 596) (2020).

Our Supreme Court's opinion in *Stewart v. Stewart* is controlling. Even if Surratt's complaint otherwise would have been subject to dismissal for failure to prove diligence in serving MARTA, Surratt was entitled to rely on the trial court's 30-day deadline for perfecting service. The majority suggests that the trial court lacked the authority to enter the order on which Surratt relied. But the court was within her discretion in entering that order.

It is arguable that *Stewart v. Stewart* should be narrowed. But it is up to our Supreme Court to decide whether to narrow it.

I would reverse the order dismissing Surratt's complaint.